Condit *v.* Baldwin.

[MONROE GENERAL TERM, December 3, 1855. *Welles, Selden* and *Johnson,* Justices.]

---

CONDIT *vs.* BALDWIN and others.

An agreement made by a borrower, with the agent of the lender, that the agent shall have a commission for making the loan, does not render the transaction usurious and the security void, if made without the knowledge of the lender, and it is in no respect for his benefit or advantage. WELLES, J., dissented.

In such a case the agreement will be held to be that of the agent and the borrower only, or the private extortion of the agent; and he alone is answerable for the wrong.

The agent of the lender, whether his principal agrees to it or not, may lawfully take compensation from the borrower for any services actually rendered for the latter, at his request. Per JOHNSON, J.

APPEAL from a judgment rendered at a special term. The action was brought upon a promissory note made by the defendants, the defendant Baldwin being the principal, and the other defendants his sureties, for $400, dated May 2, 1851, payable to George C. Mills or bearer, two years after date, with interest annually. The defense set up was usury, the answer

alleging that the note was given upon a loan of money by Mills to Baldwin upon a usurious agreement between them, the particulars of which were given. The action was tried before the court without a jury. On the trial it was proved that Baldwin employed Mills to obtain a loan of $400 for him at two years; that Mills applied to S. K. Williams, of Newark, in this state, for the money, and stated to him that the defendants would unite in a note for the same; that Williams said he had just the amount to invest, belonging to a lady; that he preferred to loan on a mortgage, on account of the attorney fees he would receive for examining the securities, drawing the papers, &c. and that he had been in the habit of charging the borrower a commission; Mills told him Baldwin was willing to pay for the accommodation. It was then agreed that Williams would let Baldwin have the money upon a note of the defendants, on interest, payable in like manner as the note in question, and for $25 to be paid to himself; Mills procured the note and received a check from Williams upon a bank for $400, upon which he obtained the money and handed the same to Baldwin, who paid him $15 and the $25 to Williams. The money belonged to the plaintiff, who resided in New Jersey, and was sent to Williams to invest for her. She did not know of the charge of the $25, and it was not entered in her account. No charge was made against her by Williams, for making the investment. Judgment was given for the defendants, at the special term, on the ground of usury, and the plaintiff appealed.

*S. K. Williams,* for the plaintiff. I. To constitute usury, it is essential that the *lender* should agree to receive, or receive, a greater sum than the legal rate of interest for his money.

II. If his agent, acting under a general authority to loan his money, take a compensation for his own services, without his knowledge, it is not usury; however extravagant the compensation may be; for the reason that he does not in that, act in behalf of his principal.

III. Where the agent charges the borrower for services rendered at his request, and which are valuable to him alone, and

Condit *v.* Baldwin.

for which the lender is not liable to pay, and which relieves the lender from no responsibility, it is not usurious, whatever com-. pensation may be paid to the agent.

IV. In no case where the loan is made by an agent, who receives a bonus for himself, in addition to the legal interest reserved or taken to the principal, can the loan be deemed usurious, unless the transaction was designed to be a cover for the taking of usury by the principal.

V. The facts in the case, as found by the judge who tried the action, prove that the agent was acting only under a general authority to loan the money of his principal; at all events it does not appear that he had any other authority ; and an authority to loan on usury can never be presumed : that the principal neither agreed for, or received, any thing more than simple interest for the money loaned ; and that the person, so doing the business, was not the agent of the plaintiff in contracting for the compensation to be paid to himself; that the amount demanded and received by the agent was demanded and received for his own use exclusively, without the knowledge of his principal.

VI. Williams was not the agent of the plaintiff in contracting for the compensation to be paid to himself.

VII. The defendant's agent knew at the time, that the money, so demanded and received, was claimed—not by the *lender*, but by the agent for his own use—not as a compensation for any services rendered for the lender, or for which the lender was bound to pay, but for the responsibility and trouble assumed by him personally, at the request, and for the benefit of the borrower.

VIII. To allow the borrower in such a case, to set up the defense of usury, would be to allow him to avail himself of an act induced by himself alone, and of which the lender had no knowledge whatever, and in which he did not participate. (1 *R. S.* 772, §§ 2, 5. *Whart. Law Dict. tit. Usury. Coster* v. *Dilworth,* 8 *Cowen,* 299. *Barretto* v. *Snowden,* 5 *Wend.* 181. *Dignall* v. *Wixley,* 11 *East,* 43. *Meagoe* v. *Simmons,* 1 *Moody & Malkin,* 121. 22 *Eng. Com. L. Rep.* 266. *Het-*

field v. Newton, 3 Sand. Ch. 564. Crane v. Hubbel, 7 Paige, 413. Busby v. Finn, 1 McCook, (Ohio,) 409, 10. Pollock v. Bradbury, 3 L. Canada Rep. 171. 15 Ves. 120. 17 id. 332. Kent v. Phelps, 2 Day, 483. 2 Conn. R. 341–346. 2 T. R. 52. Hammett v. Yea, 1 Bos. & Pull. 144.)

IX. Should the act of the agent, in taking compensation to himself, be deemed usurious, the principal is not bound by such act. He never having given any authority for it, and never having subsequently ratified it in any respect. (Story on Agency, §§ 85 to 87, 96, 97, 60, 106, 115, 125, 127 ; p. 154, note 1; §§ 242, 243. Bartlett v. Williams, 1 Pick. 288. Duvall v. Farmers' Bank, 7 Gill & John. 44. McGill v. Ware, 4 Scam. 21, 24. McKesson v. McDowall, 4 Dev. & Batt. 120. 4 Hill, 211. 24 Wend. 164.)

X. Usury consists not only in the intent to charge a larger amount of interest than is allowed by law, but there must be superadded to such intent a corrupt design to charge more than legal interest, which is a matter of fact for the jury. (Duncan v. Maryland Savings Institution, 10 Gill & John. 299.) To constitute usury within the prohibition of the law, there must be an intention knowingly to contract for and take usurious interest; for if neither party intend it, but both act bona fide and innocently, the law will not infer a corrupt agreement. (Bank of U. S. v. Waggoner, 9 Peters, 378.) Where one had recovered judgment and execution against another, and the creditor proposed to discharge the execution without giving it into the hands of an officer if the debtor would give his note for the amount of the debt and costs, together with such sum as an officer might charge as fees for collecting the execution, and such note was accordingly given, it was held that the including of the sum, as officer's fees in the note, was not usurious. (Cutler v. How, 8 Mass. R. 257. Dubose v. Parker, 13 Ala. 779.) An agent authorized to settle a debt due the estate, takes a note to the administrator for the principal sum due, and one to himself for usurious interest. Held, the first note was not void, unless the administrator knew of the usury and assented to it. (Baxter v. Buck, 10 Ves. 548, cited in 2 U. S. Dig. Sup. 905.)

Condit *v.* Baldwin.

Where an action is dismissed on the defendant's paying a commission on the amount renewed, as the fees of the plaintiff's attorney and costs of suit, and the note is renewed, this does not taint the renewed note with usury. (*Simmons* v. *Union Bank*, 3 *Smedes & Marsh.* 781, *cited* 2 *U. S. Dig. Sup.* 907. *Brooks* v. *Avery*, 4 *Comst.* 225. *Brown* v. *Waters*, 2 *Maryland Ch. Dec.* 201.)

*G. H. Middleton*, for the defendant. The contract, in pursuance of which the note in question in this action was given, was usurious; and the note itself is void. Williams, who was the agent of the plaintiff to invest the money, exacted of the borrower, as a condition of the loan, the payment of $25 for his services, in addition to the interest on the sum loaned at the legal rate. This is not the case of money paid by the borrower to his agent, as a compensation for services in negotiating a loan; for it is not pretended that Williams was his agent in the transaction. In such cases, it appears, a compensation does not taint the contract with usury. (*Crane* v. *Hubbel*, 7 *Paige*, 413, 416. *Hetfield* v. *Newton*, 3 *Sandf. Ch. Rep.* 564, 569. *Meagoe* v. *Simmons*, 4 *Moody & Mal.* 121; 22 *Eng. Com. L. Rep.* 266. *Dynall* v. *Wigley*, 11 *East*, 45. *Barretto* v. *Snowden*, 5 *Wend.* 181. *Coster* v. *Dilworth*, 8 *Cowen*, 299. *Reed* v. *Smith*, 9 *id.* 647.) But the authorities go little, if any, further. And if the lender or his agent may, in addition to the legal rate of interest, rightfully charge and receive pay for the services actually rendered in procuring or making a loan, yet this is not such a case; for here no services were in fact rendered by either. It is idle to call the mere drawing of the check—and that was all that was done by Williams—services, in view of the large sum ($25) demanded therefor. Had the plaintiff in person conducted this negotiation and exacted that sum, the contract would, without doubt, be held usurious. A creditor is not allowed to make it a condition of a loan that he shall receive a compensation for his services in procuring the money. (*Hines* v. *Handy*, 1 *John. Ch. R.* 5.) Nor can he do this by an agent; for the act of the agent is in law the

act of the principal. Hence, I. The contract of Williams, the agent to make the loan, is binding upon his principal, the plaintiff; it is her contract. The plaintiff sent money to him to invest for her, without giving any instructions as to the manner, or terms upon which it should be loaned. His authority to make the loan was without restriction. He was the plaintiff's general agent as to its manner and terms; though special as to the particular sum or money to be loaned. (*Story on Cont.* § 134. *Story on Agency,* § 126. *Whitehead* v. *Tuckett,* 15 *East,* 400, 408. *Jeffrey* v. *Bigelow,* 13 *Wend.* 518.) The acts of a general agent, while acting within the scope of his authority, will bind his principal. (*See same authorities. Also, Fern* v. *Harrison,* 4 *T. R.* 177. *Munn* v. *Commission Co.* 15 *John.* 44. *Andrews* v. *Kneeland,* 6 *Cowen,* 354.) Even if he exceed his authority, or disregard the particular instructions of the principal, in relation to the agency. (1 *Parsons on Contracts,* 40, *and cases there cited. Story on Cont.* § 134. *Tradesman's Bank* v. *Astor,* 11 *Wend.* 87.) And where an agent to do a particular act is not limited as to the manner of doing it, the principal will be bound, though the agent exceed the authority intended to be given him. (*Andrews* v. *Kneeland, supra.*) But supposing, under the facts of the case, we are wrong in this position, then we say,

II. The plaintiff has made the acts of Williams, the agent, her own by subsequent adoption. The note was given to Mills, not directly to the plaintiff. On its face, it purports to be a contract with him, and his property. The plaintiff had a beneficial interest in it, for the money was hers; and she might adopt or disavow it. She might say to Williams, I authorized you to invest my money. True, I gave no special instructions on the subject; but you had no right to infer I would direct a violation of law. In the absence of any instructions as to the manner and terms of the investment, you ought to have presumed, as the law will, that I did not intend them to be illegal. Inasmuch, therefore, as you have violated the law in making this contract, you must take the consequences upon yourself. You must restore to me the money you have embarked in this

speculation. Such, undoubtedly, would be law as between them. But the plaintiff has not done so; she has assumed the contract—brought her action upon it, and claims all the benefits to accrue therefrom. She therefore has thus far adopted the acts of Williams, and recognized him as her agent. Having adopted the contract and agency, in part, she is not at liberty to repudiate it as to the residue. Claiming its advantages, she must also take its disadvantages; they are inseparable. An adoption of the agency in part, adopts it in the whole; because a principal is not permitted to accept and confirm so much of a contract made by one purporting to be his agent, as he shall think beneficial to himself, and reject the remainder. (1 *Parsons on Cont.* 46, 47. *Story on Agency,* § 250. *Paley on Agency,* 172, *Dunl. ed. Farmers' Loan and Trust Co.* v. *Walworth,* 1 *Comst.* 447. *Smith* v. *Hodson,* 4 *T. R.* 217.)

JOHNSON, J. Upon the facts found by the judge at special term, was this transaction usurious *per se?* It was held to be so by the learned justice before whom the cause was tried, although the fact is distinctly found, that the plaintiff had no knowledge of the charge of $25 made by her agent, and never received any portion of it. As the plaintiff never knew of the charge, and it was not made for her benefit, but for the exclusive benefit of her agent, she cannot be held to have sanctioned it by bringing the action to collect the note. The decision at special term goes further, I think, than any court has yet gone in this direction. At least I have been able to find no reported case which goes this length, and upon principle I do not see how it can be sustained. It was held by Lord Tenterden, in *Meagoe* v. *Simmons,* (1 *Moody & Malkin,* 121,) that where the lender stipulates with the borrower that the latter shall pay a commission to the lender's agent, it is usurious, although the lender himself retains nothing but the legal discount. And this is the rule laid down in Chitty. (*Chitty on Bills,* 105, 8th *Am. from* 8th *Lon. ed.*) To this doctrine I fully subscribe. In such a case, payment to the agent at the

Condit *v.* Baldwin.

request, and as a condition imposed, by the lender himself, is a payment to him. But where the agent of the lender and the borrower agree without the lender's knowledge, and in no respect for his benefit or advantage, that such agent shall have a commission out of the moneys loaned, it must, I think, be held to be the agreement of the agent and the borrower only, or the private extortion of the agent, and he alone, if any one, should be held answerable for the wrong. An agreement between the lender and his agent, that the latter may exact a commission from borrowers, may, I have no doubt, be proved, and where the fact is established, the inference may be drawn, that the lender authorized or sanctioned the exaction in any given case. And perhaps this agreement may be inferred from the course of dealing between the principal and agent. I am aware that the principal is liable for the fraud of the agent in the sale of property where the agent has a general authority to sell, although such principal is wholly ignorant of the deceit. But that is upon the ground that the agent in the sale was acting for the principal's benefit, and an innocent person has suffered from the deceit of the agent. And then the rule is applied, that where one of two innocent persons must suffer from the acts of a third, the one who has put it in the power of such third person to do the wrong should sustain the loss. But the maker of the note here does not come within this rule. He has been in no respect deceived. The agreement, and the payment of the exorbitant commission, was his own voluntary act. If any one has been deceived, it is the plaintiff. In short the agreement as to the commission is in no respect her act. Of course no one would pretend that she could be made answerable *criminaliter*, although the excessive premium has been paid to her agent. The case of *Hine* v. *Handy*, (1 *John. Ch. Rep.* 6,) is authority to show that taking over seven per cent by the lender himself is not, under all circumstances, usurious in itself. In that case the lender charged $19.28 for his trouble in going from Oneida county to Schoharie to procure the amount loaned for the borrower, and this extra amount was included in the bond and mortgage. A bill was filed, after

Condit *v.* Baldwin.

proceedings to foreclose were instituted, to cancel the mortgage, on the ground of usury. The answer denied the usury; and it was held that the proof was not sufficient to overcome the denial, although it was clear that the extra premium was contained in the mortgage. A decree was however made, restraining the sale upon the mortgage foreclosure, upon the borrower's paying the amount due, less the $19.25, on the ground that such a practice tended to usury and oppression. I have no doubt that the agent of the lender, whether his principal agrees to it or not, may lawfully take compensation of the borrower for any services actually rendered for the latter at his request. If the amount exacted is far beyond a fair compensation for the actual service, and it is shown to have been within the knowledge of the lender, and part of the agreement to make the loan, a question of fact would arise for the jury, whether the compensation exacted was not a mere cover for usury. Usury is a question of fact—of intent. In the present case there can be no pretense that the agent rendered any services to the borrower, or was acting in any sense as the borrower's agent. In *Hetfield* v. *Newton*, (3 *Sandf. Ch. R.* 564,) and in *Crane* v. *Hubbell*, (7 *Paige*, 413,) the agent taking the commission was held to be the agent of the borrower; and it was held, as it has been ever since *Dignall* v. *Wigley*, (11 *East*, 43,) that a stipulation to pay an extra compensation to the borrower's agent was not usurious. But these cases have no application here. All the plaintiff's agent did was to receive the note and give his check for the $400, the amount of the note. It will be seen, therefore, that he acted wholly for the plaintiff. The borrower drew the money and paid the $25, afterwards, to the plaintiff's agent, in pursuance of the agreement between them. And the case turns wholly upon the question, whether this part of the agreement, for the commission or compensation to the agent, was the agreement of the plaintiff. It seems clear to my mind, that inasmuch as the plaintiff never authorized or sanctioned it, nor even heard of it, and derived no benefit or advantage whatever from it, it cannot be regarded as her agreement. Courts ought and will look with jealous scrutiny

upon all such practices by the agents of lenders, and see that the statute is not violated and its provisions evaded under the cover of an agency. But they should be equally careful to protect the honest and innocent lender from the secret and exorbitant exactions of grasping agents, and the secret and unauthorized agreements between such agent and the borrower.

. My conclusions are, that the note is a valid note, and never imbibed any taint of usury ; and that the action is well brought. The judgment of the special term must therefore be reversed, and a new trial ordered, with costs to abide the event.

SELDEN, J., concurred.

WELLES, J., dissented.

New trial granted.

[MONROE GENERAL TERM, December 3, 1855. *Selden, Welles* and *Johnson,* Justices.]