(32 Misc. Rep. 390.)

## PEOPLE v. DUNLAP.

(Supreme Court, Special Term, New York County. August 31, 1900.)

1. HABEAS CORPUS—PERSON COMMITTED FOR TRIAL—GROUNDS FOR DISCHARGE.
　　A person committed for trial on a charge of usury will not be discharged on habeas corpus or certiorari on the ground that the act charged as constituting the offense was done as the representative of a company incorporated as a loan association under Laws 1895, c. 326, as amended by Laws 1896, c. 206, and was lawful under such statutes, such defense being an affirmative one involving questions of fact as to the due incorporation of the association and the user of its franchise, which cannot be tried in such proceedings.

2. CRIMINAL LAW—DEFENSES—AGENCY FOR CORPORATION.
　　That a person in committing an offense involving a criminal intent was acting as agent for a corporation is no defense to his prosecution therefor as an individual, where the act was also unlawful if done by the corporation.

Habeas corpus and certiorari by John L. Dunlap to secure his discharge from commitment to stand trial for a criminal offense. Writ dismissed.

David C. Myers, for prisoner.

Asa Bird Gardiner, Dist. Atty., Herbert H. Maas, and Henry B. Veith, for the People.

McADAM, J. Section 378 of the Penal Code provides that a person who, directly or indirectly, takes any interest, discount, or consideration upon the loan or forbearance of money greater than 6 per centum per annum, is guilty of a misdemeanor. The prisoner, on the evidence before the committing magistrate, is clearly guilty of the crime of usury, unless he has brought himself within the provisions of chapter 326 of the Laws of 1895, as amended by chapter 206 of the Laws of 1896, in regard to loan associations. The prisoner claims that he was the general manager of the Local Credit Company, a corporation formed under the aforesaid statute; that what he did was as such general manager, and was authorized by the statute. That he may become entitled to this defense, affirmative in its character, the court or jury must first be satisfied that the company is a corporation in fact as well as in name. Incorporation in compliance with the act confers the privilege of doing business as a loan association with the powers mentioned therein. But officers must be elected, and the company must embark in business, so that there may be a user of the corporate franchise. Boone, Corp. § 23; Narragansett Bank v. Atlantic Silk Co., 3 Metc. (Mass.) 282. Whether these formalities have been complied with is to be determined at the trial. The weight of evidence is never considered on habeas corpus or certiorari. In prosecutions for usury the question of intention to evade the statute, which is generally for the consideration of the jury under proper instructions, is all-important, unless the contract upon its face imports usury, as by an express reservation of more than legal interest when the intent is apparent, the maxim, "Res ipsa loquitur," being then applicable. Condit v. Baldwin, 21 N. Y., at page 221. In the case cited, where-

in the court below was affirmed, the agent of the lender had made a charge for services, and the lower court said (21 Barb. 189):

"If the amount exacted is far beyond a fair compensation for the actual service, and it is shown to have been within the knowledge of the lender, and part of the agreement to make the loan, a question of fact would arise for the jury, wh'ether the compensation exacted was not a mere cover for usury."

The prosecution goes further, and claims that the charges exacted were greater than those allowed by the statute to an association incorporated thereunder, and the evidence raises a question in regard thereto for the trial court to determine. If the corporation, as such, had no right to exact the sums taken by the prisoner, the act of incorporation furnishes no protection to him. While a corporation may, for certain purposes, commit a crime, it cannot, as a rule, commit one involving the element of criminal intent. 7 Am. & Eng. Enc. Law (2d Ed.) 844; 2 Mor. Priv. Corp. (2d Ed.) § 732. In such matters the officials who form the intent and carry it into execution are liable to indictment as individuals, and corporate character furnishes no protection to such persons. As the duty of determining these various questions rests upon the trial court, this court cannot, upon habeas corpus and certiorari, pass on the weight and credibility of evidence, but must leave the determination thereof where it rightfully belongs. The court in Condit v. Baldwin, 21 Barb., at page 189, in speaking of charges for services by agents, said, "Courts ought and will look with zealous scrutiny upon all such practices by the agents of lenders, and see that the statute is not violated, and its provisions evaded, under the cover of an agency." The evidence certainly establishes probable cause for holding the prisoner, and it was, therefore, the duty of the magistrate to commit the prisoner for trial. Code Cr. Proc. § 208. A prisoner should not be discharged where there is sufficient ground for judicial inquiry, but should be sent (as has been done here) to stand his trial upon the charge preferred. 1 Colby, Cr. Law, 195; Barb. Cr. Law (2d Ed.) 567.

For these reasons, and upon the ground that no legal objection has been presented which requires that the prisoner be discharged in advance of a trial according to ordinary practice in such cases, the writ must be dismissed and prisoner remanded.