PEOPLE ex rel. BEEBE v. WARDEN OF CITY PRISON OF BOROUGH OF
MANHATTAN et al.[1]

PEOPLE ex rel. VAN LINDA v. SAME.

(Supreme Court, Special Term, New York County.   April, 1903.)

1. CRIMINAL LAW—USURY—STATUTES—CONSTRUCTION.

Pen. Code, § 378, declares that a person who directly or indirectly re-
ceives any interest, discount, or consideration for a loan of money, goods,
or things in action, or on the loan, use, or sale of his personal credit in
any wise, where there is taken for such loan, etc., security on any house-
hold furniture, tools, or implements of trade, etc., greater than 6 per cent.
per annum, shall be guilty of a misdemeanor.  Held, that the loan of
money for which interest exceeding 6 per cent. is charged is a misde-
meanor, though none of the property specified is taken as security.

2. SAME—PARTICIPANTS IN OFFENSE—EMPLOYÉS.

Under Pen. Code, § 31, providing that a person who permits or partici-
pates in an act which would make him an accessory if the crime commit-
ted were a felony is a principal, and may be punished as such if the crime
be a misdemeanor, an employé of a person loaning money, and charging
interest exceeding 6 per cent. per annum therefor, in violation of section
378, is subject to punishment therefor to the same extent as his employer.

Habeas corpus and certiorari to review a conviction of Ella Beebe
and another for violating Pen. Code, § 378, prohibiting the taking of
more than 6 per cent. interest for the loan of money.   Writs dis-
missed, and relators remanded.

Leon Kronfeld and I. Henry Harris, for relators.

William Travers Jerome, Dist. Atty., and Henry G. Gray, Dep.
Asst. Dist. Atty., opposed.

GIEGERICH, J.   The relators are held for trial in the Court of
Special Sessions on a charge of violating section 378 of the Penal
Code, which reads as follows :

"Taking Usury.  A person who, directly or indirectly, receives any interest,
discount or consideration upon the loan or forbearance of money, goods or
things in action or upon the loan, use or sale of his personal credit in anywise,
where there is taken for such loan, use or sale of personal credit security upon
any household furniture, sewing machines, plate or silverware, in actual use,
tools or implements of trade, wearing apparel or jewelry, or as security for the
loan, use or sale of personal credit as aforesaid, makes a pretended purchase
of such property from any person and admits the pledgor to retain the pos-
session thereof, greater than 6 per centum per annum, is guilty of a misde-
meanor."

The counsel for the relators contend earnestly that unless security
is taken, and security upon the kind of property named in this section,
the case does not fall within the statute.   They argue at great length
to show that the evil aimed at was not usury, simply, but usury ac-
companied by taking security upon household furniture, personal ap-
parel, or trade implements.   So far as this point is concerned, it may
not be apparent why the Legislature made the distinction they clearly
have made between a loan of money, on one hand, or of personal
credit, on the other; making the former a misdemeanor without
more, while making the latter a misdemeanor only where attended

[1] Affirmed in 83 N. Y. Supp. 1113, 1115.

by the taking of security of the kind mentioned. However, as said by the court in United States v. Hartwell, 6 Wall. (U. S.) 385, 395, 18 L. Ed. 830:

"The object in construing penal as well as other statutes is to ascertain the legislative intent. That constitutes the law. If the language be clear, it is conclusive. There can be no construction where there is nothing to construe."

So in the present case the language of the statute is so plain and beyond question that there is no room for inquiry as to what the legislative intent was, or the chief abuse sought to be remedied.

It is also urged that there was no evidence whatever to implicate the relators in the offense charged, and that the committing magistrate was therefore wholly without jurisdiction. I cannot take this view of the evidence. The rule governing such applications is stated by the court in People ex rel. Bungart v. Wells, 57 App. Div. 140, 151, 68 N. Y. Supp. 59, as follows:

"If, upon review, it appear that there was any evidence before the magistrate that the crime was committed by the defendant, jurisdiction is established. People ex rel. Danziger v. P. E. House of Mercy, 128 N. Y. 180 [28 N. E. 473]; Matter of Prime, 1 Barb. 349; Matter of Henry, 13 Misc. Rep. 735 [35 N. Y. Supp. 210]; Church, Habeas Corpus (2d Ed.) 236. The function of the court is not to review the preliminary examination in order to decide the question anew, or to supplant the examination of the magistrate by its own examination, but to ascertain whether the magistrate had jurisdiction to commit the prisoner."

The mere fact that the relators were not shown to be principals in the usurious transactions, but seem to have been employés only, cannot exempt them. Under section 31 of the Penal Code, they are liable by reason of their participation. See People, etc., v. Dunlap, 32 Misc. Rep. 390, 66 N. Y. Supp. 161.

Without further discussion of the evidence, it is sufficient to say that an examination of it satisfies me that there was enough to sustain the jurisdiction of the court for the purposes of the proceedings had. Writs dismissed and relators remanded.