## PEOPLE v. SCHULTZ.

(Supreme Court, Appellate Division, Second Department. March 15, 1912.)

1. Usury (§ 18*)—Criminal Offenses—Statutes—Construction.

Under Banking Law (Laws 1909, c. 10 [Consol. Laws 1909, c. 2]) § 314, prohibiting the charging of more than the legal interest on a loan of less than $200 or on a loan where any security is taken, etc., a loan of less than $200 at more than the legal interest is usury, though no security is given.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 31–34, 36–38, 40; Dec. Dig. § 18.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. STATUTES (§ 158*)—IMPLIED REPEALS.

Repeals by implication are not favored, and are not effected, unless the two statutes are clearly inconsistent, or the new statute is intended to establish a complete system for the entire subject-matter of the legislation.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 228; Dec. Dig. § 158.*]

3. USURY (§ 8*)—STATUTES—IMPLIED REPEAL.

Penal Law (Consol. Laws 1909, c. 40) § 2400, punishing a person taking security on household furniture for a loan at more than the legal interest, establishes a general policy for the entire state, and does not impliedly repeal Banking Law (Laws 1909, c. 10 [Consol. Laws 1909, c. 2]) § 314, punishing the loan of money less than $200 at more than the legal rate of interest, when made by any person or corporation other than designated corporations authorized by law.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 19, 243; Dec. Dig. § 8.*]

4. USURY (§ 149*)—CRIMINAL RESPONSIBILITY—PARTIES LIABLE.

Under Penal Law (Consol. Laws 1909, c. 40) § 27, making all persons participating in an act which would make him an accessory if the crime committed were a felony, a person who participates in the making of a loan at usurious interest in violation of Banking Law (Laws 1909, c. 10 [Consol. Laws 1909, c. 2]) § 314, is liable as a principal.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 441, 442; Dec. Dig. § 149.*]

5. INDICTMENT AND INFORMATION (§ 111*)—ELEMENTS OF OFFENSE—STATUTES—EXCEPTIONS.

The state on a trial for usury in violation of Banking Law (Laws 1909, c. 10 [Consol. Laws 1909, c. 2]) § 314, need not allege and prove the exceptions contained in the proviso of the law, but the same is a matter of defense which accused must prove in the first instance, though on all the evidence, including that to establish the defense, the prosecution must establish its case beyond a reasonable doubt.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 295–298; Dec. Dig. § 111.*]

Appeal from Court of Special Sessions of City of New York.

John E. Schultz was convicted of usury, and he appeals. Affirmed. Appeal to Court of Appeals denied. 134 N. Y. Supp. 1141.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, WOODWARD, and RICH, JJ.

Ernest P. Seelman and Gates Hamburger, for appellant.

Leroy W. Ross, Asst. Dist. Atty. (John F. Clarke, Dist. Atty., on the brief), for the People.

Walter S. Heilborn, for Russell Sage Foundation (by permission).

HIRSCHBERG, J. The defendant was tried on an information charging him, in substance, with having violated section 314 of the Banking Act (Laws of 1909, c. 10 [Consol. Laws 1909, c. 2]), in that on the 26th day of October, 1910, at the borough of Brooklyn, county of Kings, he loaned and procured to be loaned to one Charles Platt the sum of $25, seeking to obtain and obtaining for the said loan more than 6 per cent. interest. No evidence was offered on behalf of the defendant. The uncontradicted evidence adduced on behalf of the people established the facts that in October, 1910, one

Charles Platt, answering a newspaper advertisement, applied to the offices of the State Loan & Realty Association at 59 Court street, borough of Brooklyn, Kings county, for a loan of $25; that he found the defendant at those offices, and stated the purpose of his visit to him; that the defendant informed him that such a loan would cost $6.85 per month for six months; that after Platt had signed certain papers, including an agreement to pay $16.10 for services, brokerage, etc., and a six months' note for $25 at 6 per cent., payable to the other of one C. F. Fuller, the defendant said: "I will make this loan," and procured $25 from a drawer in the outer office, and gave that money to Platt. It also appears that in the following month Platt's wife, on his behalf, paid the defendant $6.85, and received a receipt from the defendant, reading as follows:

"11/28/10.
"Received of Charles T. Platt, $6.85/100, on account.          J. E. S."

When the defendant was arrested, memoranda were found in his possession showing the time agreed upon for the repayment of the loan. The learned counsel for the appellant asks for a reversal on the ground that no security was taken for the loan; that the evidence does not connect the defendant with the alleged crime; and that no evidence was adduced showing that the defendant was not one of the corporations authorized by section 314 of the Banking Law to exact more than 6 per cent. interest on loans of less than $200.

[1] Section 314 of the Banking Law reads as follows:

"Sec. 314. Prohibitions. In any such county no person or corporation, other than corporations organized pursuant to this article, shall, directly or indirectly, charge or receive any interest, discount or consideration greater than the legal rate of interest upon the loan, use or forbearance of money, goods or things in action less than two hundred dollars in amount or value, or upon the loan, use or sale of personal credit in any wise where there is taken for such loan, use or sale of personal credit any security upon any household furniture, apparatus or appliances, sewing machine, plate or silverware in actual use, tools or implements of trade, wearing apparel or jewelry. The foregoing prohibition shall apply to any person who, as security for any such loan, use or forbearance of money, or for any such loan, use or sale of personal credit as aforesaid, makes a pretended purchase of property from any person and permits the owner or pledger to retain the possession thereof, or who, by any device or pretense of charging for his services or otherwise, seeks to obtain a larger compensation in any case hereinbefore provided for. Any person, and the several officers of any corporation, who shall violate the foregoing prohibition, shall be guilty of a misdemeanor, and upon proof of such fact the debt shall be discharged and the security shall be void. But this section shall not apply to licensed pawnbrokers, making loans upon the actual and permanent deposit of personal property as security; nor shall this section affect in any way the validity or legality of any loan of money or credit exceeding two hundred dollars in amount."

The language of the statute indicates clearly that, where the loan is a loan of money of less value than $200 for more than the legal rate of interest, the giving of security is not a necessary element of the crime. On the other hand, where the loan is of personal credit, the statute specifically states that security must be given in order to constitute the misdemeanor. The language of former section 378 of the Penal Code was substantially identical in this respect with the

language of section 314 of the banking law. In People ex rel. Beebe v. Warden of City Prison, 89 N. Y. Supp. 322, affirmed 86 App. Div. 626, 83 N. Y. Supp. 1113, and 176 N. Y. 577, 68 N. E. 1120, section 378 of the Penal Code received a construction consonant with the plain meaning of its language, and the court held that, where the loan was a loan of money, the taking of security was not an essential element of the crime, but that, where the loan was of personal credit, the taking of security was essential. We see no reason to assume that the Legislature intended different meanings when it employed the same language in these two statutes. That the plain meaning of section 314 of the Banking Law is as stated seems to be conceded by the learned counsel for the appellant when he bases his claim that the appellant's act could only constitute a crime if security had been accepted, upon the ground that the Legislature, after the construction given section 378 of the Penal Code in the Beebe Case, supra, amended that section so that the taking of security became an essential element of the crime of usury as therein defined. This amendment of section 378 the learned counsel for the appellant contends, operated as an implied repeal of that portion of section 314 of the Banking Law making it a misdemeanor to loan sums of money less than $200 in value at more than the legal rate of interest without security.

[2] It is well settled that repeals by implication are not favored, and are not effected, unless the two statutes are clearly inconsistent or the new statute is intended to establish a complete system for the entire subject-matter of the legislation. Matter of Tiffany, 179 N. Y. 455, 72 N. E. 512; Czarnowsky v. City of Rochester, 55 App. Div. 388, 66 N. Y. Supp. 931, affirmed 165 N. Y. 649, 59 N. E. 1121; Davis v. Supreme Lodge, Knights of Honor, 165 N. Y. 159, 58 N. E. 891; Casterton v. Town of Vienna, 163 N. Y. 368, 57 N. E. 622.

[3] We do not think the amendment to section 378 of the Penal Code (now section 2400, Penal Law) inconsistent with section 314 of the Banking Law, or that the Legislature intended section 2400 of the Penal Law to apply to the conditions sought to be remedied by section 314 of the Banking Law. Section 314 of the Banking Law is a part of article 10 of chapter 10 of the Laws of 1909. Article 10 provides for the organization of corporations of a quasi charitable nature, for the purpose of making small loans to needy persons. Such corporations are authorized to charge prescribed rates of interest in excess of 6 per cent. per annum, and the profits of such corporations are limited. Such corporations are further limited in their operations to counties containing or contained within an incorporated city and are excluded from the counties of Westchester and Monroe. By section 314 loans of money of less value than $200 at more than the legal rate of interest are misdemeanors when made by any person or corporation other than such corporations in any county where such corporations are authorized to do business. Thus it appears that the acts prohibited by section 314 of the banking act are not crimes in every part of the state. The making of the prohibited loans constitutes a misdemeanor in certain counties only; Kings county being included. The purpose of the act

is the protection of the needy from extortion, and the Legislature in accomplishing that purpose has not only limited the protected class to small borrowers, but has confined the operation of the law to those comparatively thickly settled portions of the state where the evils sought to be eliminated were deemed most likely to prevail. Section 378 of the Penal Code (as amended, section 2400, Penal Law), on the other hand, established a general policy for the entire state. Read together, the two statutes provide that the taking of security shall be an essential element of the crime of usury except when the loan is a loan of money less than $200 in value, made in certain localities by other than certain quasi charitable corporations. The purpose of the two statutes is complementary, and in that sense harmonious rather than inconsistent. One establishes a general rule; the other excepts a certain class from the hardship that might result were the general rule universally applied. In the case at bar, more than the legal rate was exacted for a loan of money less than $200 in amount in a county where such loans are prohibited by section 314 of the Banking Law, and such act constitutes a misdemeanor within the meaning of that section.

[4] We think the undisputed evidence sufficiently connects the defendant with the commission of the crime. The fact that the defendant made the loan on behalf of another is immaterial. The offense charged is a misdemeanor, and the defendant's conceded participation in the illegal acts makes him liable as a principal. Section 27, Penal Law; People ex rel. Beebe v. Warden of City Prison, supra.

[5] The claim that the judgment should be reversed because the state did not prove specifically that the defendant was not one of the corporations authorized by the Banking Law to making the prohibited loan is not sound. Section 314 of the Banking Law makes it a misdemeanor for any person or corporation other than certain excepted corporations to exact more than the legal rate of interest for the loan of sums of money less than $200 in value. The excepted corporations must consist of five or more persons (section 300 of the Banking Law), and we think it may be assumed, as matter of law, that the defendant could not constitute such an excepted corporation. Assuming that others might have been incorporated in his name, it is obvious that he alone could not be so incorporated. However this may be, the corporations authorized to charge the generally prohibited rate of interest constitute a class excepted by proviso from the general operation of the statute, and it is settled that under such circumstances any facts bringing the defendant within the exceptions contained in such proviso are matters of defense which he must prove in the first instance, although on all the evidence, including that to establish such defense, the prosecution would have to establish its case beyond a reasonable doubt. People ex rel. McIntosh, 5 N. Y. Cr. Rep. 38; People v. Meyer, 8 N. Y. St. Rep. 256; People v. Briggs, 114 N. Y. 56, 20 N. E. 820; Richardson v. State, 77 Ark. 321, 91 S. W. 758.

The judgment of conviction should be affirmed. All concur.