. (153 App. Div. 567.)

## PEOPLE v. YOUNG et al.

(Supreme Court, Appellate Division, Fourth Department. November 13, 1912.)

**1. INDICTMENT AND INFORMATION (§ 128\*)—SUFFICIENCY—DUPLICITY.**

An indictment charging that accused violated the Banking Law by charging interest and discount greater than the legal rate of interest and by receiving such excessive rate and interest, when based on only one transaction, is not in violation of Code Cr. Proc. §§ 278, 279, as charging more than one offense.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 403–413; Dec. Dig. § 128.\*]

**2. USURY (§ 149\*)—QUESTIONS FOR JURY.**

In a prosecution for a violation of the usury laws, the evidence being conflicting, the question of defendant's guilt was one for the jury.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 441, 442; Dec. Dig. § 149.\*]

**3. USURY (§ 149\*)—OFFENSES—VIOLATION OF BANKING LAW.**

As Banking Law (Consol. Laws 1909, c. 2) § 74, merely relates to the civil rights of private bankers, it is no defense to a prosecution for a violation of section 314, making it a misdemeanor for any one to charge more than the legal rate of interest on loans of less than $200, to show that he is a private banker.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 441, 442; Dec. Dig. § 149.\*]

**4. USURY (§ 149\*)—CRIMINAL PROSECUTIONS—DEFENSES.**

General Business Law (Consol. Laws 1909, c. 25) § 376, provides that every person who shall repay or return the money or goods usuriously taken shall be acquitted from any other or further forfeiture, while Banking Law (Consol. Laws 1909, c. 2) § 314, makes it a misdemeanor for any person other than excepted corporations to charge or receive more than the legal rate of interest on loans of less than $200. *Held*, that the Banking Law supersedes the General Business Law as far as bankers are concerned, and a return of interest usuriously taken by a private banker is no defense to a prosecution for usury.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 441, 442; Dec. Dig. § 149.\*]

**5. USURY (§ 149\*)—CRIMINAL PROSECUTIONS—DEFENSES.**

General Business Law (Consol. Laws 1909, c. 25) §§ 372, 373, prescribe the penalties for taking usury, and sections 381 and 382 give causes of action in those cases. *Held*, that section 376, providing that the return of the usury taken shall discharge the taker from any other forfeiture, penalty, or punishment, refers, not to other criminal statutes, but merely to the penalties prescribed by the named sections.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 441, 442; Dec. Dig. § 149.\*]

Appeal from Trial Term, Erie County.

Gus A. Young and Harry Mealy were convicted of a violation of the Banking Law, and from that conviction, and an order overruling their demurrer to the indictment, they appeal. Affirmed.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Charles A. Dolson, of Buffalo, for appellants.
Bart J. Shanahan, of Buffalo, for the People.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAMBERT, J. The indictment herein is in two counts. The first charges a violation of section 314 of the Banking Law (Consol. Laws 1909, c. 2), by the charging of interest and discount, greater than the legal rate of interest, upon the loan, use, and forbearance of money, less than $200 in amount and value. The second count charges a violation of the same section of the statute, by receiving such excessive interest and discount upon such loan.

[1] To this indictment the appellants have demurred, upon the ground, among others, that it charges more than one crime, within the meaning of sections 278 and 279 of the Code of Criminal Procedure. From the facts pleaded under the separate counts of the indictment, it appears satisfactorily that the charging of the excessive interest and the receiving of the same are both charged with reference to a single transaction. Under such circumstances, the indictment does not offend the statutory provisions. People v. Gibson, 191 N. Y. 227, 83 N. E. 976, 123 Am. St. Rep. 597; People v. Wilson, 151 N. Y. 403, 45 N. E. 862.

[2] Appellants are employés of what is known as the State Loan & Realty Association. At least, their operations seem to have been conducted under that name. In December, 1910, Reed, the complainant, visited the office conducted under that name, and there procured a loan of $24.50. As security for its repayment he was asked to and did execute an assignment of his wages, in the amount of $37.10, together with a power of attorney for the collection of the same. The difference was charged him for the loan. In March, 1911, this assignment was presented to Reed's employer, and the full amount was collected by and paid to the defendant Mealy. The defendant Young was the manager of the office so conducted, and the defendant Mealy was an employé.

It is urged, in behalf of the defendant Mealy, that the proof did not show his knowledge that the original loan involved an agreement to take usury, and that, in the absence of proof of such knowledge upon his part at the time he collected or received from Reed's employer the original loan and the excessive interest, as to him there was a failure of proof, requiring a reversal. If the facts adduced upon the trial supported this contention, very likely that result would follow. The evidence of Reed is to the contrary. He testified positively that Mealy was present, in the office of the Realty Association, at the time of the negotiations for the loan, the subject of the usurious charge. While he was contradicted by Mealy and the officers of the Association, it thereby became a question of fact for the jury, and their determination should not be disturbed.

[3] The proof fairly sustains the elemental facts charged, and it only remains to determine whether those facts fall within the prohibition of the above section of the Banking Law. Section 314 of the Banking Law provides as follows:

"In any such county, no person or corporation other than corporations organized pursuant to this article, shall, directly or indirectly charge or receive any interest, discount or consideration, greater than the legal rate of interest, upon the loan, use or forbearance of money, goods or things in action less than two hundred dollars in amount or value. * * * Any person,

and the several officers of any corporation, who shall violate the foregoing prohibition, shall be guilty of a misdemeanor. * * * "

Article 10 of the Banking Law, within which is found the foregoing section, provides for the formation of quasi charitable corporations, under certain restrictions and regulations, and permits the charging by any such corporation of a greater rate of interest than 6 per centum, restricting, however, the profits of any such corporation. People v. Schultz, 149 App. Div. 844, 134 N. Y. Supp. 293. There is no claim made that the defendants are within the exceptions of section 314.

It is contended, however, that the appellants are shown to be private bankers, and hence that they are within the provisions of section 74 of the Banking Law; that the provisions of such section are exclusive, and define fully all the penalties attaching to usury when committed by a private banker. Section 74 of the Banking Law, by its terms, only purports to grant the same privileges to the banking institutions of the state, including private bankers, as are granted by the federal statutes to national banks. This equality of privilege is expressly limited, by the section itself, to those particulars in the section referred to. An examination of the section discloses that those particulars, therein specified, relate solely to the enforcement of civil rights and remedies, and that neither expressly nor impliedly do they relate to criminal redress or purport to be exclusive.

In this view of the matter, it is of no consequence whether appellants are private bankers or not. In this connection, it is to be observed that all the cases to which we are referred, and which we are able to find, relate to the enforcement of civil rights, and not to criminal actions. In this position we find support in the case of People v. Schultz, supra. While the opinion in that case does not disclose whether this precise question was urged, the facts show it to have been involved. The defendant, Schultz, was engaged in the same business as these appellants, and under the same business name. The conviction in that case was recently affirmed by the Court of Appeals, without opinion.

[4] Subsequent to the indictment, and prior to the trial, the appellants paid back to the complainant all the excess charged above the legal rate of interest. Such repayment is now urged, as it was upon the trial, as a complete defense in this action. This contention is based upon section 376 of the General Business Law (Consol. Laws 1909, c. 25), which is as follows:

"Every person, who shall repay or return the money, goods or other thing, so taken, accepted or received, or the value thereof, shall be acquitted and discharged from any other or further forfeiture, penalty or punishment, which he may have incurred, by taking or receiving the money, goods or other thing, so repaid or returned, as aforesaid."

If this section, in its reference to "any other or further forfeiture, penalty or punishment," was intended to refer to and embrace the penal provisions of section 314 of the Banking Law, then the contention would be sound, and a reversal would be required. The determination of this question involves the examination of the general plan and scope of our entire usury legislation.

Section 376 of the General Business Law, above quoted, is found in article 25 of that statute. That article is devoted to and treats generally of usury, without making any distinction with reference to bankers or persons engaged in that business. Sections 74 and 314 of the Banking Law, being legislation applying specifically to the same subject, but dealing with it only with reference to persons or institutions engaged in a particular business, are to be construed as superseding, within their limits, the more general provisions of the General Business Law. And if, as they now assert, the appellants are private bankers, then they are within the provisions of the Banking Law, and can gain no benefit from section 376 of the General Business Law.

[5] There is another view which seems conclusive. Sections 372 and 373 of the General Business Law are devoted to specifying consequences which shall follow the taking of usury. Those consequences may well be termed "forfeitures, penalties and punishments." Then follow the exempting provisions of section 376, above quoted. Still later in the article, by section 381, there is provided a right of action, arising under the contingencies therein specified; and by the next section there is enacted the same provisions found in section 376, with the additional condition that the repayment shall likewise include the costs of the action. Although not expressly so limited, it is apparent that section 382 is limited in its application to the provisions of section 381. This would seem to indicate a legislative intention to limit the application of sections 376 and 382, not only to those forfeitures, penalties, and punishments specified in that statute, but to such of those only as precede such sections, respectively.

The above views lead to the affirmance of the judgment and order appealed from. All concur.