# SUPPLEMENT

## Opinion of the Justices to the Senate.

In the opinion of the justices, rendered in response to a request made of them under c. 3, art. 2 of the Constitution of the Commonwealth, legislation providing that any written contract or agreement of employment shall be null and void unless at the time of the making of such contract or agreement an exact copy thereof is delivered to the employee or prospective employee, signed by the employer or prospective employer, or by his or its authorized representative, would not be in conflict with the Constitution either of this Commonwealth or of the United States.

In the opinion of the justices, rendered in response to a request made of them under c. 3, art. 2 of the Constitution of the Commonwealth, legislation, providing that any contract or agreement of employment shall be null and void in which a condition or consideration for the acceptance of such contract or agreement by the employer or prospective employer includes the purchase by the employee or prospective employee of capital stock of any nature in the business of the employer or prospective employer, would be an interference with personal liberty not justified by any constitutional authority reposed in the legislative department of government.

On May 7, 1929, the Senate adopted the following order:

WHEREAS, There is pending before the Senate a bill entitled "An Act regulating certain types of employment contracts or agreements," printed as House document numbered twelve hundred and sixty-four, a copy of which is herewith submitted; and

WHEREAS, Doubt exists as to the constitutionality of said bill, if enacted into law; therefore be it

ORDERED, That the opinions of the Honorable the Justices of the Supreme Judicial Court be required on the following important questions of law:—

1. May the general court constitutionally enact legislation providing that any written contract or agreement of employment shall be null and void unless at the time of the

making of such contract or agreement an exact copy thereof is delivered to the employee or prospective employee, signed by the employer or prospective employer, or by his or its authorized representative?

2. May the general court constitutionally enact legislation providing that any contract or agreement of employment shall be null and void in which a condition or consideration for the acceptance of such contract or agreement by the employer or prospective employer includes the purchase by the employee or prospective employee of capital stock of any nature in the business of the employer or prospective employer?

The bill referred to in the foregoing order read as follows:

Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:

Chapter one hundred and forty-nine of the General Laws is hereby amended by inserting after section one hundred and seventy-seven A, inserted by chapter two hundred and fifteen of the acts of nineteen hundred and twenty-two, the following new section:

SECTION 177B. Any written contract or agreement of employment shall be null and void unless, at the time of the making of such contract or agreement, an exact copy thereof is delivered to the employee or prospective employee signed by the employer or prospective employer, or by his or its authorized representative, and any contract or agreement of employment in which a condition or a consideration, express or implied, in whole or in part, for the acceptance of such contract or agreement by the employer or prospective employer includes the purchase by the employee or prospective employee of capital stock of any nature in the business of the employer or prospective employer, shall be null and void.

The order was transmitted to the Justices on May 9, 1929, and on May 20, 1929, they returned the following answer:

To the Honorable the Senate of the Commonwealth of
    Massachusetts:

The Justices of the Supreme Judicial Court respectfully
submit these answers to the questions contained in an order
adopted by the Senate on May 7, 1929, and transmitted on
May 9, 1929, copy whereof is hereto annexed.

The first question in substance is whether under the Con-
stitution legislation may be enacted providing that any
written contract of employment shall be void unless at the
time of making the same a copy be delivered to the em-
ployee, or prospective employee, signed by the employer,
or prospective employer, or an authorized representative.
This question is answered in the affirmative. The kind of
contract thus described differs in no material respect as to
its constitutional aspects from other contracts required by
legislation to be in writing, for example: sale of goods or
choses in action of the value of $500 or more, G. L. c. 106,
§ 6; negotiable instruments, G. L. c. 107, § 23, cl. 1; bills of
lading, G. L. c. 108, § 2; trusts concerning land, G. L. c. 203,
§ 1; statute of frauds, G. L. c. 259, §§ 1, 3, 4, 5; and contracts
to remove the bar of the statute of limitations, G. L. c. 260,
§ 13. Many of these statutes have been accepted over a
long period of time without question as to their validity.
The prohibition found in G. L. c. 106, § 1, of sales of mer-
chandise in bulk, except under specified preliminary con-
ditions, was held to violate no constitutional guaranty in
*John P. Squire & Co.* v. *Tellier*, 185 Mass. 18, and *Lemieux*
v. *Young*, 211 U. S. 489. Statutes prescribing the form of
insurance policies and limiting stipulations as to liability
of the insurer have been upheld. See cases collected in
*Opinion of the Justices*, 251 Mass. 569, 607–609. It is re-
quired by G. L. c. 154, §§ 2, 3, 4, that assignments of wages
must be in writing and recorded, and, in the case of a married
man, the written consent of his wife must be attached thereto.
The constitutionality of this statute was attacked and up-
held in *Mutual Loan Co.* v. *Martell*, 200 Mass. 482, affirmed
in 222 U. S. 225. It is also required by G. L. c. 255, § 12,
that conditional sales of furniture or other household effects

shall be in writing and a copy thereof furnished to the vendee by the vendor at the time of sale. The constitutionality of this statute has not been attacked but it was assumed to be valid in *Lee* v. *Gorham*, 165 Mass. 130. Numerous statutes covering a more or less analogous field have been enacted and upheld. These are reviewed at some length in *Holcombe* v. *Creamer*, 231 Mass. 99, 104–107.

It is competent for the General Court to enact legislation regulating business transactions to the extent indicated in this question without being in conflict with the Constitution either of this Commonwealth or of the United States.

The second question in substance is whether under the Constitution legislation may be enacted providing that any contract of employment shall be void whereby is included as a consideration for the acceptance of such contract by the employer the purchase by the employee of capital stock of any nature in the business of the employer. This question is answered in the negative. This inquiry touches the natural, essential and inalienable rights secured to every member of society by articles 1, 10 and 12 of the Declaration of Rights of the Constitution of this Commonwealth to enjoy liberty, to acquire, possess and defend property, and to seek and obtain safety and happiness. These rights are secured also against interference by the several States under the Fourteenth Amendment to the Constitution of the United States. These constitutional guaranties include liberty of contract, and secure protection of that liberty against unwarranted legislative encroachments. As descriptive of liberty of the individual in this connection it was said in *Coppage* v. *Kansas*, 236 U. S. 1, 14, "Included in the right of personal liberty and the right of private property — partaking of the nature of each — is the right to make contracts for the acquisition of property. Chief among such contracts is that of personal employment, by which labor and other services are exchanged for money or other forms of property. If this right be struck down or arbitrarily interfered with, there is a substantial impairment of liberty in the long-established constitutional sense." With respect

to a statute involving rights of employer and employee, it was said in *Commonwealth* v. *Perry*, 155 Mass. 117, 121, "The right to acquire, possess, and protect property includes the right to make reasonable contracts, which shall be under the protection of the law." The rights of liberty and private property guaranteed by the Constitution are subject to such reasonable restraints as the common good or general welfare may require. There is a broad field of regulation in this particular which is open to the valid exercise of legislative power, *Holcombe* v. *Creamer*, 231 Mass. 99, 104–107, where many cases are reviewed. But no case, so far as we are aware, has gone to the extent of making void contracts of the nature here inhibited.

The proposed statute attached to the order strikes down as void every contract of employment whereby employer and employee agree upon purchase by the latter of capital stock in the business of the employer. It is an absolute prohibition which declares contracts of that nature "null and void." We are of opinion that legislation of this nature is an interference with freedom of contract, which cannot be justified under the constitutional mandates above referred to. Everybody has a right to be free in the enjoyment and use of his faculties in all lawful ways, to live and to work where and as he chooses, to contract to earn his living in any lawful pursuit, and to that end to enter into all proper contracts. We think that this is so as matter of principle. We think that as matter of authority it is covered by *Allgeyer* v. *Louisiana*, 165 U. S. 578, 591, *Adair* v. *United States*, 208 U. S. 161, *Coppage* v. *Kansas*, 236 U. S. 1, *Adkins* v. *Children's Hospital of the District of Columbia*, 261 U. S. 525, *Bogni* v. *Perotti*, 224 Mass. 152, *Truax* v. *Corrigan*, 257 U. S. 312, 339, *Opinion of the Justices*, 220 Mass. 627, 630, 631. Compare *Prudential Ins. Co. of America* v. *Cheek*, 259 U. S. 530, 540. The reserved power to amend the charters of corporations does not go to the extent here proposed. *Vigeant* v. *Postal Telegraph Cable Co.* 260 Mass. 335, 343. *Opinion of the Justices*, 261 Mass. 556, at pages 594, 595. *Kentucky Finance Corp.* v. *Paramount Auto Exchange Corp.* 262 U. S. 544, 550.

It follows that a statute of the nature described in the second question would be an interference with personal liberty not justified by any constitutional authority reposed in the legislative department of government.

ARTHUR P. RUGG.
JOHN C. CROSBY.
EDWARD P. PIERCE.
JAMES B. CARROLL.
WILLIAM C. WAIT.
GEORGE A. SANDERSON.
FRED T. FIELD.