### OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

*Constitutional Law,* Self incrimination.  *Teacher.*

A law requiring discharge of any teacher in "any college, university, teachers' college, or public or private school" in the Commonwealth who should refuse on the ground of self incrimination to answer questions pertinent to his past or present membership in the Communist Party at a trial or at a duly constituted hearing or inquiry would be unconstitutional as an infringement of the privilege against self incrimination furnished by art. 12 of the Declaration of Rights.

On April 13, 1955, the Justices submitted the following answer to a question propounded to them by the House of Representatives.

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court respectfully submit this answer to the question set forth in an order adopted by the House on March 28, 1955, and transmitted to us on March 30. The order refers to a bill now pending before the General Court known as House, No. 2590, a copy of which was transmitted to us with the order.

The title of the bill is "An Act providing for the discharge of any professor, instructor or teacher in any university, college or school, public or private, located in the commonwealth, who refuses, at a duly constituted trial, or at certain hearings or inquiries, to answer certain questions pertinent to his membership in the communist party."

The bill, if enacted, would amend c. 71 of the General Laws by inserting a new § 30B, to read as follows,

"Section 30B. Any professor, instructor or teacher at any college, university, teachers' college, or public or private school in the commonwealth, who for any reason whatsoever, refuses, at a trial or at a duly constituted

hearing or inquiry conducted for the purpose of investigating communism, at which testimony is taken under oath, to answer questions pertinent to his past or present membership in the communist party shall forthwith be discharged.

"The provisions of this section shall be enforced by the attorney general in appropriate proceedings.

"If any provision, phrase or clause of this section, or the application thereof to any person or circumstance, is held invalid, such invalidity shall not affect other provisions, phrases or clauses or application of this section which can be given effect without the invalid provision, phrase or clause or application, and to this end the provisions, phrases and clauses of this section are declared to be severable."

The question contained in the order is this: "Is it constitutionally competent for the General Court to enact a law providing for the discharge of any professor, instructor or teacher at any college, university, teachers' college, or public or private school, in the commonwealth who refuses for any reason whatsoever, intending to include therein refusals based on the grounds of self-incrimination, to answer questions pertinent to his past or present membership in the Communist Party at a trial or at a duly constituted hearing or inquiry conducted for the purpose of investigating communism, at which testimony is taken under oath, substantially as set forth in said House, No. 2590?"

Article 12 of the Declaration of Rights reads in part, "No subject shall . . . be compelled to accuse, or furnish evidence against himself." The Fifth Amendment to the Constitution of the United States provides in part that no person "shall be compelled in any criminal case to be a witness against himself."

It is plain that the proposed § 30B, if enacted into law, and if valid, would apply to a person who had exercised his right under either Constitution at any trial or duly constituted hearing or inquiry, whether within or outside

the Commonwealth, to refuse to answer questions pertinent to his membership in the Communist Party, whether present or past, without limitation of time.

It is the very cornerstone of our system of government that none of the three great departments, the legislative, the executive, or the judicial, can destroy or impair the constitutional rights of any person. All branches of the government are alike bound by the constitutional mandate. Therefore it must be clear that if the General Court should pass a purported statute to the effect that no teacher should avail himself of his right not to testify or furnish evidence against himself, such purported statute would be in direct contradiction of the constitutional provisions and would be void. So also would be a purported statute that should seek to penalize as by fine or imprisonment a person who should exercise his constitutional right. It is true that the proposed statute does not quite do either of the things just suggested. But it does something of comparable effect. It makes an indirect but hardly less serious attack upon the constitutional right. It attempts to say to any teacher in a college or school, whether public or private, that if he exercises his right he shall be deprived of his employment and means of livelihood. It would also bar him from any future employment as a school teacher, since, if he should obtain such employment, the statute would again operate to compel his discharge. This would be true even though otherwise he might find some school or college that had faith in him and would be willing to employ him. These consequences would be visited upon a person who had committed no crime, but had merely availed himself of his constitutional right; for it cannot be too often emphasized that the exercise of the privilege not to incriminate oneself does not prove guilt. The privilege is designed to protect the innocent, even though it may often be used to shield the guilty.

In *Opinion of the Justices*, 300 Mass. 620, all but one of the then Justices of this court advised the Senate that a carefully drawn statute intended to permit under specified limitations the drawing of an inference adverse to a defend-

ant in a criminal case from his failure to testify would be unconstitutional as an infringement upon the principle of art. 12 of the Declaration of Rights hereinbefore set forth. In *Commonwealth* v. *Smith*, 163 Mass. 411, at page 430, this court said, "One who avails himself of his constitutional privilege, and refuses to accuse or furnish evidence against himself, shall be subject to no injurious consequence under the law by reason of his having done so. The Constitution and laws do not and could not assume to say that no unfavorable private opinion should be formed. The protection afforded by the Constitution is that the individual shall not be prejudiced at law by his silence, if he keeps silent." In *Peck* v. *Cargill*, 167 N. Y. 391, at page 395, the Court of Appeals of New York said, "No law can be valid which directly or indirectly compels a party to accuse or incriminate himself or to testify by affidavit or otherwise with respect to his guilt or innocence." The proposed statute would penalize the exercise of the constitutional right, and would introduce a form of compulsion in violation of the constitutional provisions. *Jones* v. *Commonwealth*, 327 Mass. 491. *Blau* v. *United States*, 340 U. S. 159.

The right of the individual to engage in a lawful occupation is itself a right secured to him under both Constitutions. This right is subject to reasonable regulation in the public interest, but it cannot be destroyed. *Commonwealth* v. *Strauss*, 191 Mass. 545, 550. *Holcombe* v. *Creamer*, 231 Mass. 99, 108–109. *Matter of Sleeper*, 251 Mass. 6, 18–19. *Opinion of the Justices*, 267 Mass. 607, 610–611. *McMurdo* v. *Getter*, 298 Mass. 363, 365–366. *Opinion of the Justices*, 322 Mass. 755, 759. *Truax* v. *Raich*, 239 U. S. 33, 41. It would seem that the proposed statute would practically destroy the constitutional right of certain persons to engage in the occupation of teaching for no other reason than that they had exercised another constitutional right — the right not to incriminate themselves.

In considering whether a proposed step would lead outside the bounds of the Constitution it is permissible and generally wise to consider where a second or third step in

the same direction would lead. If it is constitutional to prohibit a teacher from private employment on the ground that he has availed himself of his right not to incriminate himself, it would seem that it would be equally constitutional to prohibit on the same ground a lawyer from practising his profession, or a reporter or editor from being employed by a newspaper or magazine, or perhaps even a clergyman from entering into an engagement with a church. Persons in these and many other occupations have almost, if not quite, as great opportunity to influence public opinion as have teachers. The Supreme Court of the United States in a somewhat different connection said, "If the state may compel the surrender of one constitutional right as a condition of its favor, it may, in like manner, compel a surrender of all. It is inconceivable that guaranties embedded in the Constitution of the United States may thus be manipulated out of existence." *Frost & Frost Trucking Co.* v. *Railroad Commission of California,* 271 U. S. 583, 594.

Nothing in this opinion is inconsistent with what was recently decided in the case of *Faxon* v. *School Committee of Boston,* 331 Mass. 531. In that case the question was whether a public board having charge of public schools could in the exercise of its judgment in a particular instance dismiss a public school teacher for refusing to testify about his relations with communism. In that case the public as represented by the school committee had the rights of an employer in the selection and retention of employees suitable to the enterprise in hand. There was no attempt to interfere generally with the petitioner's practice of his profession. The question there was whether the school committee could be compelled to employ the petitioner in public employment. The question now before us is whether *all* employers public *or private* can be compelled *not* to employ a person who has exercised his constitutional right. The difference is obvious.

Whether a statute like the proposed § 30B but limited to public schools would be valid does not seem fairly within the scope of the question asked. If the General Court had

in mind the enactment of such a statute it is inconceivable that the section would have been framed as at present, even taking into account the severability provision of the third paragraph.

We have discussed the question mainly on the assumption of refusal to testify on the ground of self incrimination. We have done so because that is the most common ground of refusal and because the question as framed emphasizes that ground. The proposed section is not limited to that ground but does include it in the expression "for any reason whatsoever." Refusals to testify might conceivably be on grounds other than self incrimination, such as that the question is beyond the scope of the inquiry or on some other ground, justified or unjustified. It is not practicable to anticipate all possible grounds and to discuss the effect of such a statute upon the constitutional rights of the witness in all possible instances.

We are of opinion that the proposed § 30B would be unconstitutional as an interference with the exercise of the constitutional privilege against self incrimination and as a form of compelling a person through fear of legal consequences "to accuse, or furnish evidence against himself." We have not thought it necessary to consider whether the proposed section would also be unconstitutional as denying due process of law. See *Wieman* v. *Updegraff*, 344 U. S. 183. Nor have we considered whether it would be an ex post facto law or bill of attainder. See *Cummings* v. *Missouri*, 4 Wall. 277; *United States* v. *Lovett*, 328 U. S. 303.

We answer the question as put to us "No."

Mr. Justice Lummus has been prevented by illness from taking part in the consideration of the question and answer.

STANLEY E. QUA.
JAMES J. RONAN.
RAYMOND S. WILKINS.
JOHN V. SPALDING.
HAROLD P. WILLIAMS.
EDWARD A. COUNIHAN, Jr.