JOSEPH PEDLOSKY *vs.* MASSACHUSETTS INSTITUTE OF
TECHNOLOGY.

Middlesex.   December 8, 1966. — March 2, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Constitutional Law,* Teachers' oath law, Separable portions of statute.
*Teacher.*

In a suit in equity for declaratory relief by a teacher in a private educa-
tional institution, it was held that the requirement of the teachers' oath
law, so called, G. L. c. 71, § 30A, as amended through St. 1948, c. 160,
§ 2, that every teacher, "before entering upon the discharge of his
duties," make oath or affirmation to "faithfully discharge the duties of
. . . [his] position . . . according to the best of . . . [his] ability,"
established too vague a standard and was not a reasonable regulation in
the public interest, that such requirement and the requirement of the
law that teachers make oath or affirmation to "support the Constitution
of the United States and the Constitution of the Commonwealth of
Massachusetts" were not separable, and that the law was invalid.

BILL IN EQUITY filed in the Superior Court on Septem-
ber 20, 1965.

The suit was reported by *Fairhurst,* J.

*Gerald A. Berlin* for the plaintiff.

*Edward T. Martin,* First Assistant Attorney General
(*James A. Sharaf,* Special Assistant Attorney General,
with him), for the Commonwealth.

*Roger Fisher,* for the Civil Liberties Union of Massachu-
setts, amicus curiae, submitted a brief.

WILKINS, C.J.   A judge of the Superior Court has re-
served and reported without decision this bill for a declara-
tory decree by an assistant professor of mathematics at the
defendant Institute seeking a binding declaration as to
whether G. L. c. 71, § 30A (as amended through St. 1948,
c. 160, § 2),[1] the teachers' oath law, so called, violates the

---

[1] "Every citizen of the United States entering service . . . as professor,
instructor or teacher at any college, university, teachers' college, or public or

Constitution of the United States and the Constitution of the Commonwealth.

The case is presented in a case stated. The plaintiff, a citizen of the United States and a resident of Boston, is over twenty-one years of age. He is a qualified teacher whose competency and loyalty are not questioned by the defendant, which is a charitable educational institution incorporated under St. 1861, c. 183. He is an assistant professor of mathematics at the Massachusetts Institute of Technology. Such employment does not constitute the plaintiff a public officer, and he does not thereby act in the capacity of a public official.

Under G. L. c. 71, § 30A, the plaintiff, by reason of his position as an assistant professor, is required to sign the following oath: "I do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the Commonwealth of Massachusetts, and that I will faithfully discharge the duties of the position of (insert name of position) according to the best of my ability."

The plaintiff has refused to sign the oath. Under a prayer in the bill a preliminary injunction issued on March 24, 1966, enjoining the defendant from discharging or refusing to hire the plaintiff based upon his refusal to take and subscribe to the oath.

The case has narrow compass. The plaintiff is not a public officer, but is employed by a private institution of learning. The substance of the oath is not confined merely to a declaration of support of the Federal and State Constitutions. It equally concerns an undertaking by the

---

private school, in the commonwealth shall, before entering upon the discharge of his duties, take and subscribe to . . . the following oath or affirmation: — 'I do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the Commonwealth of Massachusetts, and that I will faithfully discharge the duties of the position of . . . according to the best of my ability.' . . . No professor, instructor or teacher who is a citizen of the United States shall be permitted to enter upon his duties within the commonwealth unless and until such oath or affirmation shall have been so subscribed . . . . Whoever violates such oath or affirmation so far as it relates to the support of the constitution of the United States and the constitution of the commonwealth, shall be punished by fine of not more than one thousand dollars."

plaintiff that "I will faithfully discharge the duties of the position of assistant professor of mathematics according to the best of my ability." To be sure, the criminal penalty does not attach to this part of the oath, but the fact remains that the courts are exposed to the very real possibility of being asked to determine the degree of skill and faithfulness with which the plaintiff discharges the duties of his private position in teaching mathematics and perhaps to compare that degree with that of the best of his ability. This evaluation process is altogether too vague a standard to enforce judicially. It is not a reasonable regulation in the public interest. See *Opinion of the Justices,* 332 Mass. 763, 766, and cases cited.

Issues as to the Constitution of the United States are ultimately for the Supreme Court of the United States, which has made no pronouncement of present pertinency on oaths so limited in scope. No decision of that court delineates the extent of legislative power to prescribe a loyalty oath by teachers in a private institution. No decision of that court deals with an oath confined to supporting the Federal Constitution or that of a State. Nor would it now be constructive for a State court to attempt to formulate the necessary constitutional foundation for a decision on such questions. Whatever ruling we might make would have, at most, only tentative effect.

We have no way of knowing whether the Legislature would have enacted c. 71, § 30A, without the provision which we conclude to be invalid. We are unable to decide that these provisions are separable.

A final decree should enter declaring that G. L. c. 71, § 30A (as amended through St. 1948, c. 160, § 2), is invalid.

*So ordered.*