JEAN MURPHY vs. COMMISSIONER OF THE DEPARTMENT OF
INDUSTRIAL ACCIDENTS & another.[1]

Suffolk. March 7, 1994. - July 6, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Statute*, Severability. *Workers' Compensation Act*, Costs. *Constitutional
Law*, Equal protection of laws.

Statement of general principles applicable to this court's consideration of
the constitutionality, in part or in whole, of a statute. [168-169]
This court held that, in appropriate circumstances, individual words are
separable from other provisions of a statute to avoid unconstitutionality
if the remainder of the statute is logical, grammatical and consistent
with legislative intent. [169-170]
This court concluded that the Legislature would not have intended that the
"impartial physician section" of G. L. c. 152, § 11A (2), be so inter-
twined with the "fee provision" portion of the section that if the fee
provision portion were held to be unconstitutional the entire section
would be invalidated; accordingly, a Superior Court judge had correctly
entered a judgment declaring that the phrases "represented by counsel"
and "equal to the average weekly wage in the commonwealth at the
time of the appeal" (the fee provision portion) were unconstitutional
and severable and that the remainder of the section remained valid.
[170-171]. O'CONNOR, J., dissenting.

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 23, 1992.

Following the decision of this court in 415 Mass. 218
(1993), a motion for expedited entry of judgment was heard
by *Margaret R. Hinkle*, J.

The Supreme Judicial Court granted a request for direct
appellate review.

[1]The Attorney General.

*Jerry E. Benezra (Joseph M. Burke* with him) for the plaintiff.

*Thomas O. Bean,* Assistant Attorney General, for the defendants.

LIACOS, C.J. In *Murphy v. Commissioner of the Dep't of Indus. Accidents,* 415 Mass. 218 (1993) (*Murphy I*), we held that a portion of G. L. c. 152, § 11A, as appearing in St. 1991, c. 398, § 30, was unconstitutional because it required that a "claimant represented by counsel . . . submit a fee" not required by other claimants. This classification, we held, violated "the equal protection provisions of the Constitution of the Commonwealth" in that it was not supported by any rational basis. *Id.* at 233. The question before us now is whether the judgment entered in the Superior Court pursuant to our order of remand complies with that order. We conclude that it does.

For background information regarding the facts of this case and the statutes involved, we refer the reader to *Murphy I, supra.* We focus on the offending passage, as it appears in § 11A (2) (we shall refer to this entire section as the "impartial physician section"):

> "(2) When any claim or complaint involving a dispute over medical issues is the subject of an appeal of a conference order pursuant to section ten A, the parties shall agree upon an impartial medical examiner from the roster to examine the employee and submit such choice to the administrative judge assigned to the case within ten calendar days of filing the appeal, or said administrative judge shall appoint such examiner from the roster. *The insurer or any claimant represented by counsel who files such appeal shall also submit a fee equal to the average weekly wage in the commonwealth at the time of the appeal to defray the cost of the medical examination under this section . . . ."*

We held that "the fee provisions of § 11A violate the equal protection clause." *Murphy I, supra* at 233. We held the

provision unconstitutional because it arbitrarily and without rational basis classified claimants based on whether they were proceeding with the assistance of an attorney. We noted that the amount of the fee ("the average weekly wage in the commonwealth") bore no clear relation for the stated purpose of the fee ("to defray the cost of the medical examination"), but did not rule that these words were unconstitutional as a violation of equal protection or of due process. Rather, we simply noted that § 11A (3) required such fees to be set at a "reasonable amount." *Murphy I, supra* at 232 n.20.

Shortly after we issued our decision, the defendants filed an emergency motion, asking the Superior Court judge to enter a declaration that the phrases "represented by counsel" and "equal to the average weekly wage in the commonwealth at the time of the appeal" are unconstitutional and without force or effect, but that the remainder of the section, including the words retained in the sentence regarding the fee, remains valid. The sentence would then read: "The insurer or any claimant who files such appeal shall also submit a fee to defray the cost of the medical examination under this section . . . ."[2]

The plaintiff argued that excising particular words in the midst of the fee provision constituted an improper rewriting of the statute, and that the entire sentence regarding the payment of a fee was invalid. In the alternative, the plaintiff argued that the fee provision was not severable from the re-

---

[2]According to the defendants' brief, the Executive Office for Administration and Finance, acting pursuant to G. L. c. 7, § 3B (1992 ed.), and G. L. c. 30A, § 2 (1992 ed.), set the fee at $350, an amount equal to the amount paid by the Department of Industrial Accidents to an impartial medical examiner under a contract with those examiners. We decline to address the issue of the propriety of this method for setting the fee for the reason the matter is not before us on this record. We note only that we made a brief reference to the seeming arbitrariness of the fee, see *Murphy v. Commissioner of the Dep't of Indus. Accidents*, 415 Mass. 218, 232 n.20 (1993), and did not feel compelled to elaborate on that point or expressly state that the amount of the fee was unconstitutional.

mainder of § 11A, and thus, that the entire impartial physician section was invalid.

The Superior Court judge considered the two options put before her by the parties: the defendants' option, that is, striking particular words from the fee provision, so that it now applies to all claimants and specifies no amount for the fee; and the plaintiff's option, that is, declaring the entire impartial physician section invalid. She chose the former, reasoning that the Legislature's strong commitment to the impartial physician section of § 11A indicated that the Legislature would not have intended the entire section to fail. The judge stated:

> "The Legislature's strong commitment to the impartial physician concept is clear. As the House Ways and Means Committee Report (Dec. 1991) stated: 'The use of impartial doctors is thought by a number of workers' compensation authorities to be the single most important method of reducing litigation. The use of a single, impartial physician should make hearings faster, more reliable, and less likely to occur at all.' *Id.* at 5.

> "The general rule is that, when as here, a Court is obliged to declare part of a statute unconstitutional, as far as possible the Court will hold the remainder of the statute valid. *Opinion of the Justices,* 330 Mass. 713, 726 (1953). Here, the invalid portions of the statute are not so entwined that the Legislature could not have intended that the remaining part should take effect without the unconstitutional portion.

> "This Court must seek to minimize the scope of any necessary intrusion into the legislative sphere. A nullification of Section 11A in its entirety would represent a far greater intrusion into that sphere than excising only the offending phrases."

The plaintiff appealed. We granted a joint application for direct appellate review. We agree that the Legislature would

not have intended that the entire section fail. We are guided by certain general principles, about which the parties do not disagree. We state these principles: "When a court is compelled to pass upon the constitutionality of a statute and is obliged to declare part of it unconstitutional, the court, as far as possible, will hold the remainder to be constitutional and valid, if the parts are capable of separation and are not so entwined that the Legislature could not have intended that the part otherwise valid should take effect without the invalid part." *Massachusetts Wholesalers of Malt Beverages, Inc.* v. *Commonwealth*, 414 Mass. 411, 420 (1993), quoting *Boston Gas Co.* v. *Department of Pub. Utils.*, 387 Mass. 531, 540 (1982).[3] On the other hand, "[i]f the court is unable to know whether the Legislature would have enacted a particular bill without the unconstitutional provision, it will not sever the unconstitutional provision, but will strike the entire statute." *Mayor of Boston* v. *Treasurer & Receiver Gen.*, 384 Mass. 718, 725 (1981), citing *Pedlosky* v. *Massachusetts Inst. of Technology*, 352 Mass. 127, 129 (1967).

We consider first whether the words "represented by counsel" and "equal to the average weekly wage in the commonwealth" are "capable of separation," see *Massachusetts Wholesalers, supra,* from the second sentence in § 11A. We do so as a preliminary step before considering the Legislature's intent as to whether the valid portion should remain. In other words, the first step of our analysis is to determine whether the invalid provision consists of the *words* noted above, or whether it consists of the entire fee provision. The defendants argue that the words are capable of separation because the new sentence, created by striking out those words, stands as a logical and grammatical sentence, and avoids the unconstitutional classification which we identified

---

[3]In addition to the well-established judicial preference in favor of severability, the Legislature has codified a similar view. General Laws c. 4, § 6 (1992 ed.), provides at clause Eleventh: "The provisions of any statute shall be deemed severable, and if any part of any statute shall be adjudged unconstitutional or invalid, such judgment shall not affect other valid parts thereof."

in *Murphy I, supra.* The defendants point out, and we agree, that there is not, nor should there be, any general rule that only entire sentences may be separated from otherwise valid statutes. In appropriate circumstances, individual words may be struck. See *Commonwealth* v. *Baird,* 355 Mass. 746, 755 (1969), cert. denied, 396 U.S. 1029 (1970).

We are left with the question whether the Legislature would have intended the entire impartial physician section to be invalid or whether the fee provision alone may be struck. It is at this point that we must consider whether the fee provision is so entwined with the impartial medical examination provision that the Legislature could not have intended the section to take effect without it. See *Massachusetts Wholesalers, supra.*

We have no trouble concluding that the Legislature would have intended the impartial medical examination provisions to stand even if the fee provision was determined to be constitutionally barred. Although the particular mechanism for funding the impartial examination was undoubtedly a consideration of the Legislature in enacting § 11A, its primary purpose was to streamline the workers' compensation process by eliminating the so-called "dueling doctors" phenomenon. As the House Ways and Means Committee Report at 5 (Dec. 1991) stated:

> "The use of impartial doctors is thought by a number of workers' compensation authorities to be the single most important method of reducing litigation. The use of a single, impartial physician should make hearings faster, more reliable, and less likely to occur at all."

We think the defendants are correct when they state that the Legislature may not have enacted § 11A if there was no funding mechanism. The fact that the mechanism chosen was unconstitutional does not in itself require that the entire provision be struck. Our inquiry is not, "Did the Legislature wish to require that parties contribute to the cost of the examination?" (clearly it did) but rather, "If the Legislature

had known that its chosen method for defraying the cost of the examination were unconstitutional would it have wanted there to be no examination at all?" Based on the record before us, we conclude that the answer to this question must be, "No."

We believe the Legislature would have intended the remainder of the section to be valid. In concluding that struck provisions are not "so entwined" as to require complete invalidity, we agree with the judge's analysis. The language of § 11A, taken as a whole, indicates to us that the provision regarding the impartial medical examination was not so entwined with the fee provision as to require that the former fall with the latter.

The order of the Superior Court deleting the words "represented by counsel" and "equal to the average weekly wage in the commonwealth at the time of the appeal" is affirmed.

*So ordered.*


O'CONNOR, J. (dissenting). The portion of G. L. c. 152, § 11A (2), as appearing in St. 1991, c. 398, § 30, with which the court dealt in *Murphy* v. *Commissioner of the Dep't of Indus. Accidents*, 415 Mass. 218 (1993) (*Murphy I*), provided: "When any claim or complaint involving a dispute over medical issues is the subject of an appeal of a conference order pursuant to section ten A, the parties shall agree upon an impartial medical examiner from the roster to examine the employee and submit such choice to the administrative judge assigned to the case within ten calendar days of filing the appeal, or said administrative judge shall appoint such examiner from the roster. The insurer or any claimant represented by counsel who files such appeal shall also submit a fee equal to the average weekly wage in the commonwealth at the time of the appeal to defray the cost of the medical examination under this section . . . ." As the court recognizes, *ante* at 166, the holding of *Murphy I, supra* at

233, was that "the fee provisions of § 11A violate the equal protection clause."

Surely, if the fee provisions violate the equal protection clause, the second sentence of § 11A (2) in its entirety does so also because the second sentence contains no more nor less than the fee provisions. The fee provisions *are* the second sentence. Thus, the court's holding in *Murphy I* made clear that no part of the second sentence was severable from other parts or salvageable. The court's holding was that the entire second sentence (fee provisions), not just bits and pieces of it, violates the equal protection clause and must be struck, and the court remanded the case to the Superior Court for a declaration to that effect ("a declaratory judgment consistent with this opinion"). *Id.* at 234. Today, however, the court in effect endorses a new statute, crafted in the Superior Court, which provides for the first time that "[t]he insurer or any claimant [whether represented by counsel or not] who files [an appeal of a conference order] shall also submit a fee to defray the cost of the medical examination under [§ 11A (2)]." I believe that, in doing so, the court has not only failed to be true to its holding and order in *Murphy I* but also has exceeded its constitutional authority by effectively legislating.

The second sentence of G. L. c. 152, § 11A (2), as enacted by the Legislature ("The insurer or any claimant represented by counsel . . . shall also submit a fee . . . ."), provided by clear implication that a claimant who is *not* represented by counsel is *not* required to submit a fee to defray the cost of an impartial medical examination. The second sentence as reworked by the Superior Court judge and approved by this court, however, provides that a claimant who is not represented by counsel *must* submit such a fee. The Legislature did not say that. The Legislature said exactly the opposite. Neither *Commonwealth* v. *Baird*, 355 Mass. 746 (1969), cert. denied, 396 U.S. 1029 (1970), nor any other case of which I am aware, stands for the proposition that a court may lawfully strike words from a statute and salvage others where the result, as here, is to convert a

negative provision (fee not required of claimants unrepresented by counsel) into a positive one (fee required of claimants unrepresented by counsel).

The court states that "[t]he Superior Court judge considered the two options put before her by the parties: the defendants' option, that is, striking particular words from the fee provision, so that it now applies to all claimants and specifies no amount for the fee; and the plaintiff's option, that is, declaring the entire impartial physician section invalid. She chose the former, reasoning that the Legislature's strong commitment to the impartial physician section of § 11A indicated that the Legislature would not have intended the entire section to fail." *Ante* at 168. The court is correct in stating that the judge in the Superior Court considered two options put before her by the parties and that she chose the defendants' option. However, the court ignores, as did the judge, a third option, also put before her by the plaintiff, which was to sever and strike from § 11A (2) the entire second sentence containing the fee provisions and leave the rest of § 11A (2) intact. That option was precisely in accord with the holding and remand order in *Murphy I*.

I would reverse the order in the Superior Court deleting the words "represented by counsel" and "equal to the average weekly wage in the commonwealth at the time of the appeal" for the sole reason that it is inconsistent with the order of remand in *Murphy I*. In addition, I would reverse the Superior Court order because the second sentence of § 11A (2) cannot lawfully be rewritten by the courts to read, "The insurer or any claimant who files such appeal shall also submit a fee to defray the cost of the medical examination under this section . . . ." *Ante* at 167.

I agree with the court that it is sometimes appropriate for a court to declare one or more parts of a statute unconstitutional and declare the remainder constitutional and valid. However, it is never permissible for a court to do so when, as here, the meaning of the remainder is thereby changed. Therefore, it would be permissible and appropriate in this case to declare the first sentence of § 11A (2) (the impartial

physician provisions) valid despite the striking of the fee provisions. The meaning of the first sentence is not altered by deletion of the second sentence, and the inference is surely justified that the Legislature would have enacted the impartial physician examination provisions without the unconstitutional fee provisions. See *Mayor of Boston* v. *Treasurer & Receiver Gen.*, 384 Mass. 718, 725 (1981), citing *Pedlosky* v. *Massachusetts Inst. of Technology*, 352 Mass. 127, 129 (1967). The court's deletion of only part of the second sentence, however, which converts a provision that effectively says that an unrepresented workers' compensation claimant may appeal a conference order without payment of a fee into a provision that requires such a payment, constitutes impermissible legislation on the court's part. The court's order changes the meaning of the fee provisions which the court permits to remain. In addition, we cannot know whether, if the Legislature had been able to predict our decision in *Murphy I*, it would have omitted fee provisions from § 11A (2) entirely, or would have provided that fees must be paid by insurers only, or would have chosen the route taken by the judge in the Superior Court. In my view, the action taken by the court today not only is inconsistent with its earlier order in *Murphy I*, but it also amounts to an improper usurpation of the legislative function. Accordingly I dissent.