## HORTON v. HORTON et al.
### No. 5921.

United States Court of Appeals for the District of Columbia.

Decided Aug. 6, 1934.

Mark P. Friedlander, of Washington, D. C., Bernard H. Conn, of Baltimore, Md., and Irving S. Rose, of Washington, D. C., for appellant.

Ringgold Hart and John J. Carmody, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

PER CURIAM.

An appeal from a decree dismissing a bill of complaint for want of substance.

The appellant was plaintiff in the lower court and his brother was the principal defendant. The term "defendant," when used in this opinion, means plaintiff's brother, notwithstanding that M. E. Horton, Inc., is also a defendant in the case. The plaintiff in his bill of complaint alleged, among other things, that in the year 1918, when both parties were engaged in the grocery business, the defendant induced plaintiff to give up his separate business and to accept employment by the defendant; that defendant assured plaintiff that he would be permanently employed in any business which defendant controlled; that, relying upon this assurance, plaintiff ceased the operation of his business and became employed by the defendant; that in December, 1919, defendant caused the business to be incorporated with an authorized capital of 2,500 shares of the par value of $100 each; that at the time of the incorporation the defendant desiring to reward his employees for faithful service and to build up a permanent and efficient organization, caused to be issued gratuitously to several of the employees certain shares of capital stock of the corporation, and among others he caused to be issued to the plaintiff 40 shares of such capital stock of the par value of $100 each; that afterwards, in March, 1925, the defendant reported to the plaintiff that it was necessary that the stock issued to him be assigned to defendant in order for the defendant to secure additional needed credit for the corporation, and for that purpose alone he requested plaintiff to assign his stock to defendant; that having absolute and complete confidence in defendant and relying upon his representations, plaintiff assigned his stock to defendant to enable defendant to secure additional credit for the corporation; that thereafter defendant continued to be the president and controlling stockholder of the corporation and until March 1, 1932, plaintiff was assistant treasurer thereof, at which time without just or proper cause defendant discharged plaintiff, refused to pay him his

salary for his services, and notified plaintiff not to return to his duties as assistant treasurer, and prevented plaintiff from performing his duties as aforesaid, though plaintiff was always ready, able, and willing so to do; that defendant has continued to hold the stock which he induced plaintiff to assign to him and has refused to redeliver the same to plaintiff, although frequently requested so to do. The plaintiff charges that the representations made by defendant by means of which plaintiff was induced to transfer his stock to the defendant were false and were known to be false, and that defendant made the representations with intent that they should be acted upon by plaintiff, and that plaintiff having complete and absolute confidence in the defendant relied and acted upon them to his great injury. The plaintiff avers that because of the continual progress of the aforesaid business and the profitable condition of the same and due to the large profits that had been made in the same business, defendant did plan, scheme, and arrange to obtain possession of the said stock which belonged to plaintiff, and plaintiff relied absolutely upon and believed his representations and assigned the stock to defendant without receiving any consideration whatsoever for it; that from the time in March, 1925, when plaintiff assigned and transferred the stock to defendant, until March 1, 1932, defendant committed no act which warned plaintiff that his stock in the corporation was not being held for him for the purposes aforesaid, to wit, to secure additional needed credit for the corporation and for that purpose alone; and that plaintiff had no cause to believe and did not believe that defendant was not holding the stock for him, but, on the contrary, by his acts and conduct defendant represented and assured plaintiff that the 40 shares of stock which defendant was holding for plaintiff belonged to plaintiff, and plaintiff was further led to believe in conversations with defendant prior to March 1, 1932, and after the stock was issued to plaintiff, that defendant was holding the stock in trust for him for the purpose aforementioned, and that nothing was ever said or done by defendant up to March, 1932, that would cause plaintiff to believe that the aforesaid stock was not held for him. Plaintiff prayed for an order and decree requiring defendant to deliver the stock to plaintiff and for an accounting, damages, and general relief.

The defendant filed a motion to dismiss the bill of complaint upon the ground (1) that it did not state an equitable cause of action; (2) that it averred no facts entitling plaintiff to equitable relief; (3) that it did not contain averments of fact essential to state a case of misrepresentation or fraud; (4) that the allegations therein were conclusions; and (5) that plaintiff had been guilty of laches.

The lower court granted this motion and dismissed the bill at plaintiff's cost; whereupon, the present appeal was taken.

 We are of the opinion that the lower court erred in dismissing the bill. The motion to dismiss is in law an admission that the plaintiff was the owner of 40 shares of stock of the corporation; that the defendant, his brother, was the president and principal stockholder of the corporation; that for the purpose of defrauding the plaintiff of his shares the defendant requested him to assign and transfer the shares to him for the sole purpose as alleged of increasing the credit of the corporation; that the plaintiff was thereby induced to transfer the shares to the defendant for that purpose only; that at and before this time the defendant had assured the plaintiff that he would be regularly employed as an officer of the corporation, but that afterwards in 1932 the plaintiff was discharged without cause and removed from his office as assistant treasurer of the corporation; that during all of this time the defendant had continued to hold title to the 40 shares of stock which had been assigned to him by plaintiff and refused to return the same to plaintiff, although requested so to do.

 We think that these conceded statements entitle the plaintiff to a hearing upon the cause presented by him.

In our opinion, the averments of the bill do not show that plaintiff's cause is defeated by laches, for it did not fully arise until in the year 1932. Moreover, in considering questions of laches, the utmost leniency is manifested by the courts where it appears that the delay is due to the intimate personal relations existing between the parties and the high degree of confidence reposed by one in another. In such case, and especially when the family relation exists, the same degree of diligence is seldom required (10 R. C. L. 403).

The decree of the lower court is reversed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.