**MAJOR et al. v. SHAVER.**

**No. 10320.**

United States Court of Appeals
District of Columbia Circuit.

Decided Jan. 18, 1951.

Thomas Searing Jackson, Washington, D. C., with whom Edison W. Mollohan and George Johannes, Washington, D. C., were on the brief, for appellants.

Leslie C. Garnett, Washington, D. C., with whom Samuel F. Beach, Washington, D. C., was on the brief, for appellee.

Before STEPHENS, Chief Judge, and EDGERTON and PRETTYMAN, Circuit Judges.

PER CURIAM.

Appellants sued to compel conveyance to them of interests in certain West Virginia mineral land, or rights, to which appellee has legal title, and for an accounting. The complaint included substantially the following allegations. Appellants and appellee claimed interests in the property before 1932 but there was a cloud on their title. They all agreed that appellee should try to clear the title "for the benefit of all". Appellee arranged to clear the title but had it put in her own name alone. At various times between 1940 and 1946 she promised to convey to the appellants their rightful interests in the land, but demanded payment of $75. In 1946 they offered to pay her $75, though they denied her right to it. She then, for the first time, absolutely refused to convey.

Appellee's answer alleged that the property was sold at auction in 1940 to satisfy a judgment against M. R. Shaver, who formerly held the legal title, and that appellee bought and paid for the land on her own account and not for appellants. She also pleaded laches.

The court without a jury found the following facts. Jane C. Mollohan devised

the property to her five children. Plaintiffs (appellants) are two of the children and the successors in interest of two others. Defendant (appellee) is the fifth child. · The property was sold at auction in 1940 to satisfy a judgment against M. R. Shaver, who had once served as a conduit of title. Appellee bought and paid for the property and has since held the legal title. In or soon after 1940, appellee offered to convey part of the property to one of the appellants, Major, for $25, but Major refused and said she did not intend to put further money into the property. In 1946 appellants tendered and appellee refused $25 for a conveyance.

On this basis of fact the court concluded as a matter of law: " * * * the plaintiffs by their failure to exercise their rights in due course and by the plaintiff's [1] statement of non-intention to pay her proportionate share of the cost, are guilty of laches which precludes them from their right in the property, and [the court] finds for the defendant." The court made no finding or conclusion as to whether appellee did or did not act for appellants, or become trustee for them, when she bought the property. It based its judgment solely on its ruling that any claim appellants may have had was barred by laches. The judgment cannot be sustained unless the findings of fact support that ruling.[2]

The doctrine of laches is "the principle that equity will not aid a plaintiff whose unexcused delay, if the suit were allowed, would be prejudicial to the defendant." Russell v. Todd, 309 U.S. 280, 287, 60 S.Ct. 527, 531, 84 L.Ed. 754; rehearing denied, 310 U.S. 658, 60 S.Ct. 1091, 84 L. Ed. 1421. " * * * in considering questions of laches, the utmost leniency is manifested by the courts where it appears that the delay is due to the intimate personal relations existing between the parties and the high degree of confidence reposed by one in another. In such case, and especially when the family relation exists, the same degree of diligence is seldom required." Horton v. Horton, 63 App.D.C. 375, 376, 72 F.2d 831, 832. It has also been held that where one of several joint tenants or tenants in common is in exclusive possession of land, the others are not chargeable with laches unless they actually know he is holding adversely to them. Reed v. Bachman, 61 W.Va. 452, 57 S.E. 769.

The court made no finding of fact which would indicate that appellants' delay in asserting their claim was either "unexcused"[3] or prejudicial to appellee.[4] The case must therefore be remanded for further proceedings. These may, in the court's discretion, include taking additional testimony, and should include making findings on the following questions: (1) Did appel-

1. Meaning, evidently, the plaintiff Major's.

2. The statutory period for the recovery of land in West Virginia is ten years. West Virginia Code of 1949, § 5393[1] [55-2-1]. It is therefore no bar to appellants' claim.

3. It is at least doubtful whether the present evidence would support such a finding. It was stipulated at pretrial that the property "was under lease from Feb. 8, 1938 until approximately Oct. 25, 1945 and that the rentals were collected by Edison W. Mollohan, Sr. as agent for the parties and that the taxes were paid by him out of said rentals." At the trial, other counsel sought to repudiate the stipulation with regard to Mollohan's payment of taxes but not with regard to his collection of rents "for the parties". The latter stipulation implies, and testimony tended to show, that until Octo-

ber 25, 1945 the income from the property was divided between the appellants and the appellee. It seems to be undisputed that not until October 1945, when appellee made a new lease of the property as sole lessor, did she ever assume to own the entire beneficial interest. It is not apparent, in this state of the record, that appellants had any occasion to assert their present claims before October 1945. They brought this suit in 1946.

Whatever effect, if any, appellant Major's refusal to put money into the property in 1940 might have upon her rights, it could not affect the rights of the other appellants since there is no finding or evidence that she could or did speak for them.

4. Our attention has been called to no evidence that this was the case.

lants and appellee agree that her 1940 purchase of the Mollohan property was to be in their behalf as well as hers?[5] (2) If such an agreement was made: (a) What if anything did it provide, either expressly or by implication, regarding payment by appellants of their shares of the purchase price? (b) Were the payments appellee demanded of appellants consistent in time and amount with the agreement, and if it did not specifically require them, were they reasonable? (c) Who paid the taxes on the property after 1940? (d) What occasioned such delay as there was in appellants' exercise of their claimed rights? (e) Was such delay prejudicial to appellee, and if so how? (f) As a matter of law, was the delay unexcused?

Reversed and remanded for further proceedings.

5. If no such agreement was made appellants have no claim against appellee, even irrespective of laches, since appellee bought at an open judicial sale over which she had no control. Cf. Starkweather v. Jenner, 216 U.S. 524, 30 S. Ct. 382, 54 L.Ed. 602; Brown v. McGraw, 98 W.Va. 607, 128 S.E. 124.