Julius Helpahd, J.
This is an application by the defendants for an order granting an inspection of the Grand Jury minutes, or, in the alternative, dismissing the information filed in the Criminal Court of the City of New York on the ground that it is contrary to law and not founded upon sufficient legal evidence.
The information contains 12 counts. Counts numbered 1, 3, 5, 7, 9 and 11 charge a violation of the provisions of article 25 of the General Business Law relating to interest and usury. Counts 2, 4, 6, 8, 10 and 12 charge a violation of the provisions of section 357 of the Banking Law arising out of the same facts. It is apparent from a reading of the information that there is one count charging a usurious transaction in violation of the General Business Law, and for the very same act, there is a further charge of violation of section 357 of the Banking Law. The information therefore refers to and sets forth six separate and distinct loan transactions with certain named persons. The. defendants Luongo and Valorie are named in counts 1 and 2., Counts 3 and 4 name the defendant Luongo only. Counts 5 to 12' inclusive name the defendant Valorie only. The defendants, contend that the acts set forth in the counts of the information which charge a violation of article 25 of the General Business Law, and more particularly, sections 370 and 371 thereof, are *906 not crimes in this State but are civil in nature, and therefore, such counts should be dismissed as a matter of law. They also contend that counts 8 and 10, charging a violation of section 357 of the Banking Law are insufficient as a matter of law, as they refer to loans in excess of $800. The Assistant District Attorney, upon the oral argument of this application, consented to a dismissal of such counts for the apparent reason that section 357 of the Banking Law refers to restrictions on loans of $800 or less, which are made misdemeanors pursuant to the provisions of section 358 of the Banking Law. The defendants further contend that the remaining counts in the information, charging a violation of the provisions of section 357 of the Banking Law, should be dismissed on the ground that insufficient legal evidence was presented to the Grand Jury to sustain the finding of the information.
The District Attorney contends that when the provisions of article 25 of the General Business Law are read in conjunction with section 29 of the Penal Law, a violation thereof is a misdemeanor and punishable as a crime. Section 29 of the Penal Law provides as follows: “ Where the performance of any act is prohibited by a statute, and no penalty for the violation of such statute is imposed in any statute, the doing such act is a misdemeanor.”
The court does not agree with this contention. The provisions of the General Business Law referred to, relating to usurious rate of interest (§§ 370, 371), do not provide that violations of its provisions constitute a crime. A reading of sections 373 and 376 contained in article 25 of the General Business Law discloses that civil penalties are imposed upon the violators. Article 25 prescribes the rate of interest; forbids the taking of any greater sum; declares usurious contracts to be void; prohibits corporations from interposing the defense of usury, and section 376 provides for the return of excess as a bar to further penalties. Section 382 which has been repealed effective September 27, 1964, and superseded by the General Obligations Law, provides for restitution as a bar to further penalties.
The mere contracting to pay usurious interest will not furnish a basis for criminal prosecution unless a provision to. the contrary is included in the statute. “ It is well settled that a criminal statute should narrowly be construed; that acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of the legislative intent to make them criminal.” (People v. Shakun, 251 N. Y. 107, 113.)
A reading of the provisions of article 25 of the General Business Law fails to disclose that any of its provisions makes the *907 doing of acts therein prohibited a criminal offense subjecting the perpetrator thereof to criminal prosecution. In People v. Young (207 N. Y. 522, 530) the Court of Appeals, in referring to sections 376 and 382 of the General Business Law, stated:
‘ ‘ Furthermore, article 25 of the General Business Law, relating to interest and usury, is derived from the Revised Statutes and, notwithstanding the use of the word ‘ punishment ’ in these two sections relating to restitution, makes no other reference whatever to usury in its criminal aspect.” (Emphasis supplied.)
‘ ‘ Disobedience of a statutory prohibition is not a crime unless some statute so prescribes (Penal Law, § 22; People v. Fein, 292 N. Y. 10, 14; People v. Knapp, 206 N. Y. 373, 380-381; People v. Freres, 5 A D 2d 868), and an act is not a crime unless the Legislature has, in addition to forbidding it, imposed a punishment for its commission (Penal Law, § 2; People v. Freres, supra; People v. Conti, 127 Misc. 244, 249).” (De Veau v. Braisted, 5 A D 2d 603, 609.)
In People v. Freres (5 A D 2d 868) the Appellate Division, Second Department, stated as follows: “In this jurisdiction, where common-law crimes have been abolished, the statutory prohibition of an act without provision for any penalty to be meted out under some specified statute does not make the act punishable as a crime.”
Furthermore, section 29 of the Penal Law is inapplicable as it is evident that the provisions of article 25 of the General Business Law provide for severe civil penalties to be imposed upon its violators. Had the Legislature intended to make such acts criminal and punishable as a crime, it would have expressly stated so. While the provisions of article 25 of the General Business Law may be invoked to bar the enforcement of the transaction, nothing contained in section 29 of the Penal Law transforms these statutes into criminal statutes (see People v. Freres, supra).
The court is therefore of the opinion that the acts charged in counts 1, 3, 5, 7 and 9 of the information do not constitute a crime. Such counts are, therefore, dismissed. The cases cited by the District Attorney in his brief, to sustain his position that section 29 of the Penal Law is applicable to the case at bar, are not applicable to the situation presented in this case.
The remaining counts in the information, namely, counts 2, 4, 6 and 12, charge a violation of the provisions of section 357 of the Banking Law, which is made a crime by the provisions of section 358 of the Banking Law. (See People v. Valcarcel, 9 Misc 2d 1096.) Section 340 of the Banking Law prohibits *908 engaging in the business of making loans in the amount of $800 or less without a license. The provisions of the Banking Law aforesaid, were designed to remedy a well-known evil. The afore-mentioned provisions of the Banking Law are to be construed as superseding, within their limits, the more general provisions of the General Business Law. (People v. Young, 153 App. Div. 567, affd. 207 N. Y. 522.)
Having passed a. general law defining usury and providing for forfeitures and civil penalties for exacting it, the Legislature under its broad police powers had the further right to denounce a certain class of usurers, and enact laws to protect the public welfare by declaring a violation thereof to be a crime. This is exactly what the provisions of section 358 of the Banking Law expressly did. Furthermore, the enactment of such law is not inconsistent with the provisions of article 25 of the General Business Law, and the provisions of sections 376 and 382 of the General Business Law concerning restitution are not available in behalf of a person prosecuted under the Banking Law (People v. Young, supra). The sole issue now to be determined by the court is whether sufficient legal evidence was adduced before the Grand Jury to warrant a finding of the information charging a violation of section 357 of the Banking Law. The court has carefully read the Grand Jury minutes and is of the opinion that sufficient competent legal evidence was adduced before the Grand Jury to sustain the information insofar as it charges a violation of provisions of section 357 of the Banking-Law.
Accordingly, the motion as to counts 2, 4, 6 and 12 of the information is denied in all respects.