**Roma STEWART, Plaintiff,**

v.

**Walter E. WASHINGTON et al., Defendants.**

**Civ. A. No. 202–69.**

United States District Court
District of Columbia.

June 4, 1969.

Edward L. Genn and Ralph Temple, Washington, D. C., for plaintiff.

Charles T. Duncan, Corporation Counsel, Washington, D. C., John A. Earnest, and Vincent E. Ferretti, Jr., Asst. Corporation Counsel, Washington, D. C., for defendants.

Before WRIGHT and LEVENTHAL, Circuit Judges, and SMITH, District Judge.

PER CURIAM:

This case concerns plaintiff's claim that there is a constitutional infirmity in the particular statute prescribing the

requirement for employees of the District of Columbia Government to take an oath of office.

Shortly after plaintiff, Roma Stewart, presented her credentials, on or about January 3, 1969, for the position of substitute school teacher in the school system of the District of Columbia Government, she was notified by defendant William C. Boyd, Administrative Principal of Tri-School, that she was employed and hired, and indeed was the first person to be accepted under a program known as Project 470, and within a short time would be given the formal oath of office. On or about January 3, 1969, plaintiff signed and completed all required forms, but refused to subscribe to the formal "oath of office," on the ground that it was unconstitutional and contrary to her obligation and duty as a citizen, and objectionable as a matter of conscience. She was informed that her action precluded her being formally sworn in, and that there was no appeal from this decision.

Plaintiff's action against appropriate District officials complains that this prevention of the fulfillment of the hiring agreement ensues from the enforcement of unconstitutional statutes and seeks an injunction enjoining the enforcement of the statutes requiring employees of the District of Columbia Government to take an oath of office. The pertinent provisions are contained in Title 5, United States Code, sections 7311 and 3333. A three-judge district court was convened. The Attorney General was duly advised of the pendency of the litigation, but on April 14, there was lodged in the docket a letter signed by J. Walter Yeagley, Assistant Attorney General, advising that the United States declined to participate. We conclude that applicable Supreme Court decisions require us to rule that the statutory provisions are unconstitutional, and accordingly we enter an order restraining the enforcement of these provisions.

## I

The first oath of office tendered to plaintiff was revised by the defendants after this action was commenced after this court's decision in Haskett v. Washington, 294 F.Supp. 912 (1968). She declined to execute the revised oath of office, and her action continued.

The last paragraph of the oath, Section B, provides: "Having read the foregoing, I swear (or affirm) that my acceptance and holding of the position to which I am appointed does not and will not violate section 7311 of Title 5 of the United States Code." This provision in the oath was required by 5 U.S.C. § 3333.[1] Thus section 7311 of Title 5 of the U.S. Code is the key legislative provision brought into the case by § 3333 and the oath tendered pursuant thereto.

The litigation before us relates to these particular statutes, and it should not be over-extended, directly or by implication, as a cause celebre that involves test oaths generally. Our Constitution contains a specific provision recoiling from the odious test oaths that emerged in Britain in the 17th century, and which disqualified from public office all Catholics and non-conformists not subscribing to the doctrines of the Church of England. That provision is Article VI which provides: "No religious Test shall ever be required as a Qualification to any Office or public Trust under the United States."

On the other hand, Article VI of the Constitution specifically provides for an oath of office, usually denominated the constitutional oath, and the Presidential Oath of Article II provides: "I do solemnly swear (or affirm) that I will

---

1. 5 U.S.C. § 3333 provides: An "individual who accepts office or employment in the Government of the United States or in the government of the District of Columbia shall execute an affidavit within 60 days after accepting the office or employment that his acceptance and holding of the office or employment does not violate or will not violate section 7311 of this title. The affidavit is *prima facie* evidence that the acceptance and holding of office or employment by the affiant does not or will not violate section 7311 of this title."

faithfully execute [my office] * * * and will to the best of my Ability, preserve, protect and defend the Constitution of the United States." The validity of such an oath was sustained in Knight v. Board of Regents of University of State of N. Y., 269 F.Supp. 339 (S.D.N.Y. 1967) aff'd 390 U.S. 36, 88 S.Ct. 816, 19 L.Ed.2d 812 (1968). Nothing in this opinion is intended or should be in any way construed as casting doubt on the validity of that oath, or some similar oath.

■ However, section 7311, and the oath incorporating it (by direction of section 3333), are of such a nature that we are required, by virtue of the applicable decisions of the Supreme Court, to rule that they are unconstitutional. *See, e. g.,* United States v. Robel, 389 U.S. 258, 88 S.Ct. 419, 19 L.Ed.2d 508 (1967); Whitehill v. Elkins, 389 U.S. 54, 88 S.Ct. 184, 19 L.Ed.2d 228 (1967); Elfbrandt v. Russell, 384 U.S. 11, 86 S.Ct. 1238, 16 L.Ed.2d 321 (1966); Keyishian v. Board of Regents of the University of the State of New York, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967).

Section 7311 applies to any person who advocates overthrow of the Government, and is not limited to those advocating its overthrow by force and violence. It applies to one who advocates overthrow in the distant future, as well as in the present or near future. It applies to any member of an organization which advocates overthrow of the Government, including passive members who have not taken and who do not intend to take action in pursuance of that objective or purpose of the organization. It applies, by virtue of § 3333, to all employees of the District government, regardless of whether the post is sensitive or custodial in function.

The invalidity of these provisions under the applicable jurisprudence is clear. Two years ago, in *Keyishian, supra,* the Court held invalid a New York statute and regulations that required all state employees, "regardless of the sensitivity of their positions," that barred state employment to "members of listed organizations." The Court noted again that men adhering to an organization "do not subscribe unqualifiedly to all of its platforms or asserted principles," and reiterated its earlier admonition (385 U.S. at 607, 87 S.Ct. at 686): [2]

> A law which applies to membership without the "specific intent" to further the illegal aims of the organization infringes unnecessarily on protected freedoms. It rests on the doctrine of "guilt by association" which has no place here.

The following term the Court reaffirmed its position in striking down a Maryland statute that required state employees to subscribe to an oath stating that the affiant was not engaged "in one way or another" in an attempt to overthrow the Government of the United States. Whitehill v. Elkins, *supra.*

In striking down a provision of the Subversive Activities Control Act that made it a criminal offense for any member of a Communist-action organization under final order to register to engage in any employment in any defense facility, the Court stated, *see* United States v. Robel, *supra,* 389 U.S. at 265–266, 88 S.Ct. at 424–425:

> It has become axiomatic that "[p]recision of regulation must be the touchstone in an area so closely touching our most precious freedoms." [citations omitted] Such precision is notably lacking in [the statute under consideration]. That statute casts its net across a broad range of associational activities, indiscriminately trapping membership which can constitutionally be punished and membership which cannot be so proscribed. It is made irrelevant to the statute's operation that an individual may be a passive or inactive member of a designated organization, that he may be unaware of the organization's unlawful aims, or that he may disagree with those unlawful aims. It is also made irrelevant

---

**2.** Quoting from Elfbrandt v. Russell, 384 U.S. at 19, 86 S.Ct. at 1242.

that an individual who is subject to the penalties of [the statute] may occupy a nonsensitive position in a defense facility. Thus [the statute] contains the fatal defect of overbreadth because it seeks to bar employment both for association which may be proscribed and for association which may not be proscribed consistently with First Amendment rights.

With the guidance of these precedents we scrutinize § 7311[3] and conclude that it cannot stand. Subsection (1), which proscribes advocacy of the overthrow of our constitutional form of government, is not limited to violent overthrow. Subsection (2), proscribing membership in any organization which the affiant knows to be engaged in such advocacy, also runs afoul of *Elfbrandt* and *Keyishian;* for it applies to passive and inert members and even to members who may not share the views of the group on this advocacy.

In Haskett v. Washingon, *supra,* we abstained from any declaration on the validity of § 7311 in accordance with the doctrine that a court should not enter any ruling of invalidity broader than necessary to dispose of the controversy. However, the principles set forth in *Haskett,* following Supreme Court decisions, presaged a ruling of the unconstitutionality of § 7311 if a controversy should require a ruling on that provision. The controversy before us does require such a ruling.

The defendants, guided by the Corporation Counsel, have modified and narrowed the language of the affidavit that was before us in *Haskett.*

We need not comment on these changes in phraseology. For we are left at the end of the road with two indissoluble obstacles. First, there remains the final paragraph of the affidavit which requires the employee to swear that he is not and will not violate § 7311. Whatever infirmities there are in § 7311 are expressly brought into the affidavit.

Second, what the Corporation Counsel has in effect tried to do is to rewrite § 7311 in order to avoid its collision with controlling Supreme Court precedent. However, it is settled doctrine that a statute trenching on freedom of association or other First Amendment freedoms cannot be rescued from taint of unconstitutionality by administrative patchwork in order to arrive at a new statute. In United States v. Robel, *supra,* the Court refused to accept a limiting construction to save a statute that prohibited members in certain listed organizations from obtaining employment in defense facilities. Earlier the Court refused to recast § 6 of the Subversive Activities Act which prohibited the application for use of passports by "members" of "registered" Communist organizations. *See* Aptheker v. Secretary of State, 378 U.S. 500, 84 S.Ct. 1659, 12 L.Ed.2d 992 (1964). These opinions make clear that even where a narrow legislative provision would escape condemnation the courts may not rescue a statute that is unconstitutional because of the impact of its sweeping overbreadth on First Amendment freedoms. That kind of salvage through a narrowing process would interject the court into a rewriting of the statute that is properly in the domain of the legislature.

Plaintiff's motion for injunction is granted.

3. 5 U.S.C. § 7311 provides:

An individual may not accept or hold a position in the Government of the United States or the government of the District of Columbia if he—

(1) advocates the overthrow of our constitutional form of government;

(2) is a member of an organization that he knows advocates the overthrow of our constitutional form of government,

(3) participates in a strike, or asserts the right to strike, against the Government of the United States or the government of the District of Columbia; or

(4) is a member of an organization of employees of the Government of the United States or of individuals employed by the government of the District of Columbia that he knows asserts the right to strike against the Government of the United States or the government of the District of Columbia.

JOHN LEWIS SMITH, Jr., District Judge, concurs in the result but feels that this case like Haskett v. Washington, should be decided without holding section 7311 unconstitutional.

## JUDGMENT

In accordance with our memorandum opinion of June 4, 1969, it is hereby adjudged, decreed, and ordered, that defendants herein be enjoined from requiring plaintiff to sign the affidavit set forth in plaintiff's complaint as a prerequisite to assuming her position of substitute teacher in Project 470 of the District of Columbia School System.