Stephen ZUCKERMAN, M.D. individually
and on behalf of all others similarly
situated, Plaintiff,

v.

The UNITED STATES of America et al.,
Defendants.

No. 4–70 Civ. 99.

United States District Court,
D. Minnesota,
Fourth Division.

May 10, 1971.

Benjamin J. Smith, Minneapolis, Minn., for plaintiff; Lynn Castner, Minneapolis, Minn., of counsel.

Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., for defendants.

Before HEANEY, Chief Judge, NORDBYE, Senior District Judge, and LORD, District Judge.

### ORDER

MILES W. LORD, District Judge.

This is an action brought to challenge the constitutional validity of two questions regarding political associations which the plaintiff is required to answer on an application for a residency program at the Veterans Administration Hospital in Minneapolis. In applying for the residency program in the study of infectious diseases, the plaintiff completed V.A. Form, November, 1968, 10–2850B, but refused to answer the following two questions:

19. Are you now, or within the last 10 years have been, a member of the Communist Party, U.S.A., or subdivision of the Communist Party, U.S.A.?

20. Are you now, or within the last 10 years have you been, a member of an organization that to your present knowledge advocates the overthrow of the constitutional form of government of the U.S. by force or violence or other unlawful means? (If you answer "yes" to 19 or 20, give on a separate sheet: (1) the name of the organization; (2) the dates of your membership; and (3) your under-

standing of the aims and purposes of the organization at the time of your membership.)

Plaintiff had been employed by the Veterans Administration Hospital before this Form was processed through the personnel department. In January 1970, he was informed that he must answer the two questions; in February, 1970, he refused to do so and was discharged. This action resulted.

Plaintiff seeks various forms of equitable relief, including a declaratory judgment determining that the requirement of answering Questions 19 and 20 is unconstitutional, a permanent injunction restraining defendants from enforcing the requirement of answering the questions, and relief in the nature of mandamus to compel defendants to return plaintiff to his previous position as a medical resident at the hospital.

After consideration of a motion by plaintiff, a three-judge court was convened because a challenge to two statutes was said to be involved. This case was argued before the three-judge court in July, 1970. During deliberations, the Court became aware that similar issues were involved in two cases before the United States Supreme Court, In re Stolar, 401 U.S. 23, 91 S.Ct. 713, 27 L. Ed.2d 657, and Baird v. State Bar of Arizona, 401 U.S. 1, 91 S.Ct. 702, 27 L.Ed.2d 639. Because of the pendency of these similar matters, the instant case was held in abeyance. Decisions in these cases were issued on February 23, 1971. The government then informally requested that the Court grant leave to file a supplemental brief. The request was granted, but the brief has not yet been delivered.

In the interim, the Court felt it would expedite this case to consider the question of the necessity of a three-judge court. For reasons outlined below, we conclude that a three-judge court is not necessary and refer the case to Judge Lord for decision.

Plaintiff has argued that Questions 19 and 20 arise from and are based upon 5 U.S.C.A. Sections 3333 and 7311. He asserts that those two statutes are unconstitutional and that a three-judge court is required in this case in order to enjoin enforcement of those statutes. The relevant portions of 5 U.S.C.A. Sections 3333 and 7311 are as follows:

> Sec. 3333. Employee affidavit; loyalty * * *
>
> (a) * * * an individual who accepts office or employment in the Government of the United States or in the Government of the District of Columbia shall execute an affidavit within 60 days after accepting the office or employment that his acceptance and holding of the office or employment does not or will not violate section 7311 of this title. The affidavit is prima facie evidence that the acceptance and holding of office or employment by the affiant does not or will not violate section 7311 of this title.

> Sec. 7311. Loyalty * * *
>
> An individual may not accept or hold a position in the government of the United States or the Government of the District of Columbia if he—(1) advocates the overthrow of our constitutional form of government; (2) is a member of an organization that he knows advocates the overthrow of our constitutional form of government; * * *

Under 28 U.S.C.A. § 2282, a three-judge court is required in any case which involves:

> Any interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States * * *

First, Section 3333 obviously is not involved in this case. That statute prescribes a loyalty oath, whereas Questions 19 and 20 only require the applicant to disclose his association with certain organizations.

Second, a ruling on the constitutionality of Section 7311 is not required here. Section 7311 was ruled unconstitutional

by a three-judge court in Stewart v. Washington, 301 F.Supp. 610 (D.D.C. 1969); and the government has indicated that it intends to follow that ruling. Under these circumstances, a ruling on the constitutionality of Section 7311 is not required, Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941), Sardino v. Federal Reserve Bank of New York, 361 F.2d 106 (2d Cir. 1966). In holding that a ruling on the constitutionality of Section 7311 is not required, we do not concede that Questions 19 and 20 are based on Section 7311.

■ Questions 19 and 20 are based on Executive Order No. 10450 (18 Fed. Reg. 2489 (1953) as amended) which is a directive to governmental agencies and department heads instructing them to investigate the loyalty and fitness for office of government employees. Executive Order 10450 was issued under the power vested in the President by 5 U.S.C.A. §§ 1101 et seq., 3301, 3333, 7311, 7501 et seq. The question remains whether the Executive Order is based on Section 7311, or whether the operation of Section 7311 is so involved in the Executive Order and the questions pursuant thereto that a three-judge court is necessary to enjoin "operation" of the statute as it may apply to the plaintiff here. The Executive Order contains 14 sections dealing with many aspects of security requirements for government employees. It would be well beyond the scope of this case for this Court to conclude that the Order was invalid because it is based on Section 7311 (and/or Section 3333 which also was declared unconstitutional in *Stewart, supra*.) In a broad sense, the order is clearly authorized by 5 U.S.C.A. § 3301—a section not challenged here— which permits general inquiry into the "character" of applicants to "promote the efficiency" of government service.

■ Having found no valid constitutional challenge to any statute, further consideration need deal only with a narrow issue: Does the requirement of answering Questions 19 and 20 violate any of the constitutional rights of the plaintiff or the class he purports to represent?

With the case confined to this issue, the District Court will have jurisdiction under 28 U.S.C. § 1361, which grants the District Court original jurisdiction in any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a legal duty owed to plaintiff. Therefore,

It is ordered

1. That the three-judge court originally constituted to hear the above-entitled case is not required for the adjudication of this action;

2. That the case is referred to Judge Miles W. Lord, the originally assigned judge, for final disposition.