Duncan **GORDON**, Socialist Workers Party, Plaintiffs,

v.

Winton M. **BLOUNT**, Postmaster General of the United States, et al., Defendants.

Civ. A. No. 1806–70.

United States District Court,
District of Columbia.

Nov. 3, 1971.

David Rein, Washington, D. C., Dorian Bowman, New York City, for plaintiffs.

Lee B. Anderson, Atty., Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION

GASCH, District Judge.

This matter came on for consideration on cross motions for summary judgment and the hearing conducted pursuant thereto.

Plaintiff Gordon, a substitute letter carrier employed by the United States Post Office, was dismissed from his position and barred from other government employment for one year because he "lied" on his job application form. Gordon, who freely admits to membership in the Socialist Workers Party (SWP) had answered "no" to the following application question: "Are you now or have you ever been a member of any organization that favors the overthrow of the constitutional form of government of the United States or which seeks by force or violence to deny other persons their rights under the Constitution of the United States?" Noting that the SWP had been "listed" by the Attorney General pursuant to Executive Order 10450 and that "[i]t has been reported that the Socialist Workers Party advocates and teaches the overthrow of the United States Government by force or violence" the Civil Service Commission dismissed plaintiff for making an intentionally false statement.

Plaintiff appealed, stating that he had not lied, in that, according to plaintiff, the SWP seeks to bring about socialism in the United States through peaceful means.[1] The appeal was denied and Gordon was removed from service December 10, 1970. Having exhausted his administrative remedies, he then brought suit in this Court seeking rein-

---

1. The Court notes that the Seventh Circuit has held that, based upon the record before it, substantial evidence did not exist to support a finding that the Socialist Workers Party advocates or teaches the violent overthrow of the government. Scythes v. Webb, 307 F.2d 905, 909 (7th Cir. 1962).

statement and back pay. In light of the fact that plaintiff Gordon was restored to duty with full rights to back pay and returned to work June 14, 1971, the case, as to him, is moot.

Co-plaintiff Socialist Workers Party makes three allegations. First, that the use of the Attorney General's list, as exemplified by the case of Gordon, is improper and adversely affects the SWP and its members, i. e., when an applicant for a civil service job states that he is not a member of an organization which advocates the violent overthrow of the government, such statement does not constitute a lie simply because the applicant is a member of the SWP. The SWP next alleges that it never should have been placed on the Attorney General's list, and finally, that the list, itself, is unconstitutional.

██ The government, in reply, has interposed three contentions which it believes preclude this Court from reaching the merits of the SWP's allegations. First, that Gordon's reinstatement moots the SWP's claims. The essence of this position is that while the government admits its action in Gordon's case was a "mistake," his reinstatement cures any harm done to SWP and that since it cannot be presumed that the government will repeat such "mistakes" in the future, the SWP is not threatened with existing or potential harm. This position lacks merit.

Even if the government could guarantee against future "mistakes," it is noted that there is some evidence that the practice which resulted in Gordon's dismissal has continued. In a case comparable to Gordon's, another postal employee and SWP member was dismissed from service under similar circumstances some six months after Gordon's dismissal.[2] Thus, despite government assurances to the contrary, the threat of a repetition of "mistakes" continues to harm the SWP because the practice in

question has been repeated. "When controversies present what are essentially recurring issues of public interest they are not mooted because the most recent particular occasion for consideration of the issue has come and gone." Women Strike for Peace v. Hickel, 137 U.S.App.D.C. 29, 420 F.2d 597, 604 (1969) (footnote and citations omitted). See, Moore v. Ogilvie, 394 U.S. 814, 816, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969); Carroll v. President and Commissioners of Princess Anne, 393 U.S. 175, 178–179, 89 S.Ct. 347, 21 L.Ed.2d 325 (1968); Southern Pacific Terminal Co. v. Interstate Commerce Commission, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911).

 The government next contends that since the SWP was placed on the Attorney General's list in 1953, and made no objection to its listing at that time, laches prevents SWP from making such challenge now. The Court of Appeals for this Circuit had ruled that failure to object to being placed on the Attorney General's list within the allotted statutory time period precludes judicial review of the propriety of such listing. Industrial Workers of World v. Clark, 128 U.S.App.D.C. 165, 385 F.2d 687 (1967). See, Veterans of Abraham Lincoln Brigade v. Attorney General, 133 U.S.App.D.C. 222, 409 F.2d 1139 (1969). Thus, plaintiff may not now challenge the basis for its being placed on the list. However, as the Court of Appeals said in *Industrial Workers, supra*, "To say that the IWW can no longer demand a judicial hearing on the validity of the 1953 listing is a far cry from concluding that the organization is eternally ousted from resort to the courts for other, subsequent complaints." *Id.*, at 692 of 385 F.2d. Accordingly, the SWP is not now precluded from attacking the *use* of the list as it affects its members or the constitutionality of the list, itself. These "other, subsequent complaints" are not

2. Affidavit of Kenneth Evenhuis, June 25, 1971, appended to plaintiffs' reply memorandum in support of plaintiffs' motion for summary judgment and in opposition to defendants' motion for summary judgment.

barred by laches because the harm in question is continual. Moreover, since the government is not prejudiced by the delay in the constitutional challenge to the list because no witnesses are needed and the parties are in the same position today as in 1953, laches does not apply. See, Major v. Shaver, 88 U.S.App.D.C. 148, 187 F.2d 211 (1951).

■ The final argument advanced by the government is that plaintiff SWP may not invoke the jurisdiction of this Court without first exhausting available administrative remedies. The only such remedy specifically referred to, however, contained in 28 C.F.R. 41.1, relates only to challenging the validity of the listing. This Court has already found that the SWP may not now challenge the basis for its listing. The government has cited no administrative remedy now available to the SWP to challenge the use of the list or its constitutionality. As such, the SWP is entitled to a decision on the merits of its remaining contentions, that the manner in which the list is used by the Civil Service Commission is erroneous and that the list, itself, is unconstitutional.

■ Section thirteen of Executive Order 10450, April 27, 1953, as amended, authorizes the Attorney General to "render to the heads of departments and agencies such advice as may be requisite to enable them to establish and maintain an appropriate employee-security program." Under such authority the Attorney General has made available to appropriate departments and agencies a list of organizations the Attorney General believes to come under the purview of the order. In the case at bar the Attorney General, under Executive Order 9835, the predecessor of 10450, in a list submitted to the Loyalty Review Board, September 17, 1948, included the SWP in a list of "communist" organizations, a list of "subversive" organizations, and in another list, as an "organization which seeks to alter the form of government of the United States by unconstitutional means." When Executive Order 10450 superseded 9853 the SWP was redesignated without characterization, May 12, 1953, 18 C.F.R. 2741. Finally, on July 2, 1971, President Nixon further amended 10450. The statutory authority for 10450 as currently amended includes, but is not limited to, 5 U.S.C. §§ 1101 et seq., 3301, 3571, 7301, 7313, 7501(c), 7512, 7532, and 7533. Thus, even in light of the fact that the statutory authority which provided the primary support for Executive Order 10450 as orginally promulgated, sections 7311 and 3333 have been declared unconstitutional,[3] ample statutory authority exists to support Executive Order 10450 as a valid exercise of authority. See, Cummings and Rudd v. Hampton (N.D.Cal. 1971).

■ The manner in which the Civil Service Commission has used the list is another matter. The government has conceded that it made a mistake in the case of Gordon and he has been reinstated with full back pay. As this Court analyzes the attachments relating to Mr. Evenhuis, discussed *supra* at page 1273, the list was used in the exact way in his case as it was in Gordon's. If it was a mistake to separate Gordon, it is equally a mistake to separate Evenhuis.

Plaintiff SWP is entitled to the correction of such mistakes and assurance that the list will not be used in what is conceded as an unlawful manner in the future.

Accordingly, summary judgment is granted in favor of the government on all issues but the use of the list. On that issue summary judgment is granted in favor of plaintiffs.

3. Stewart v. Washington, 301 F.Supp. 610 (D.D.C.1969) (three-judge court). The government did not appeal from this decision.